BEAUMONT HYMAN, COMPLAINANT, v. HENRY C. MULLER, WILLIAM MULLER AND FRED MULLER, DEFENDANTS–APPELLANTS, AND LAVERNE M. FAKE, RECEIVER, RESPONDENT.

Argued November 8, 1948—Decided November 22, 1948.

*Mr. James A. Major* argued the cause for defendants-appellants (*Messrs. Weber & Muth,* solicitors).

*Mr. L. Stanley Ford* argued the cause for the respondent receiver, Laverne M. Fake.

The opinion of the court was delivered by

HEHER, J. The question here is whether an order directing appellants to turn over three motor trucks and other property to the receiver of a partnership found to exist between complainant and appellants is ineffective for want of procedural due process.

The receiver was appointed April 23, 1947 under *R. S.* 42:4–1, *et seq.,* on bill for dissolution of the partnership alleged and an accounting and incidental relief and answer on the merits and counterclaim denying the existence of the partnership and a joint or common ownership of the property in question and alleging a mere "joint venture" and complainant's indebtedness to appellants in a considerable sum of money, for which recovery was sought. There was an order to show cause pursuant to the statute; and the issue of the existence of the partnership was resolved on the "pleadings and affidavits" of the parties. It was found that the partnership had been "terminated and dissolved." The receiver was directed to wind up the partnership, but to continue the business until orderly liquidation could be had. The order appointing the receiver directed complainant and defendants to "make full disclosure of and turn over" to the receiver "all of the profits and assets of the partnership in their hands or over which they have any control whatsoever," thereafter to "be considered as in *custodia legis.*"

On May 6, 1947, the receiver examined complainant and Henry C. Muller under oath. The examination revealed title to one of the three motor vehicles in Muller and a claim by him of absolute ownership of the vehicle and the beneficial ownership of the other two. A week later, appellants were ruled to show cause why they should not be ordered to turn over to the receiver the three motor vehicles and certain other property, including books, papers, records, and so on, and $60,000 allegedly collected from "customers of the partnership." The order to show cause was not supported by a verified petition or other proof; presumably it was entered on an oral application without petition or written statement of the facts; it recited merely that "good cause" had been shown. On the return day, May 19th, appellants challenged the receiver's right to the relief thus sought in a summary proceeding and submitted a brief on the question; and we are informed by counsel, without challenge (there is nothing *contra* in the record), that the learned Vice Chancellor took the matter under advisement. Without further notice to appellants, the order under review was entered on the ensuing June 2d. It directed the receiver to sell the motor vehicles, the proceeds of sale "to be subject to the lien, if any, of any of the parties to this proceeding." There was no disposition of the claim for moneys allegedly collected from customers of the enterprise. No evidence was adduced to warrant the action thus taken. The order recites that "a receiver's examination of the complainants and defendants had been had," and "good cause" for the making of the order had been shown. But appellants had not been informed that the receiver would rely upon his examination of complainant and Henry C. Muller for proof of the matters essential to the granting of the relief provided by the order in question; and they were not afforded an opportunity to introduce evidence and to be heard on the issue of ownership.

In these circumstances, there was a denial of procedural due process. The action taken constituted an exercise of judicial power; and appellants are of right entitled to a reasonable opportunity to be heard in relation to the subject

matter. Compare *Cumberland Lumber Co. v. Clinton Hill Lumber Mfg. Co.,* 57 *N. J. Eq.* 627 *(E. & A.* 1898*); Test v. Test,* 131 *N. J. Eq.* 197 *(E. & A.* 1941*); Lazarus v. Home B. & L. Ass'n,* 133 *N. J. Eq.* 367 *(E. & A.* 1942*); Isserman v. Isserman,* 138 *N. J. Eq.* 140 *(E. & A.* 1946*).*

The essential elements of "due process of law," as guaranteed by the Fourteenth Amendment of the Federal Constitution, are appropriate notice of the judicial action and adequate opportunity to be heard. *Blackmer v. United States,* 284 *U. S.* 421, 52 *S. Ct.* 252, 76 *L. Ed.* 375 *(1932).* Procedural due process contemplates a trial according to some settled course of judicial proceedings. *Yamataya v. Fisher,* 189 *U. S.* 86, 23 *S. Ct.* 611, 47 *L. Ed.* 721 *(1902).* It is designed to shield the litigant against arbitrary action in disregard of essential right and justice. It means in the due course of legal proceedings, according to those rules and forms which have been established for the protection of private rights. *Westervelt v. Gregg,* 12 *N. Y.* 202, 209; *Brown v. New Jersey,* 175 *U. S.* 172, 20 *S. Ct.* 77, 44 *L. Ed.* 119 *(1899).* Modes of proceeding must have regard to the ancient principles of *Magna Charta* designed to secure the individual in his private rights against the arbitrary exercise of the powers of government. *The Bank of Columbia v. Okely,* 4 *Wheat.* 235, 4 *L.Ed.* 559 *(1819); Twining v. New Jersey,* 211 *U. S.* 78, 29 *S. Ct.* 14, 53 *L. Ed.* 97 *(1908).* Due process in judicial proceedings implies action in conformity with the general law, based upon evidence, and after a full hearing upon notice to the parties affected and opportunity to be heard. Judgment without such citation and opportunity to be heard lacks the very attributes of a judicial determination. *Snyder v. Massachusetts,* 291 *U. S.* 97, 54 *S.Ct.* 330, 78 *L. Ed.* 674 *(1933).* There is no hearing when the affected party has not the means of knowing what evidence is offered or considered and is not afforded an opportunity to test, explain or refute it. And, barring default, a finding without evidence is arbitrary and baseless. *Interstate Commerce Commission v. Louisville & N. R. Co.,* 227 *U. S.* 88, 33 *S. Ct.* 185, 57 *L. Ed.* 431 *(1912).*

■ The receiver suggests that the order under review is but "a clarification, on notice to appellants, of the terms of the earlier order" whence is derived his authority as receiver, from which there was no appeal, and that it is a far less drastic and disagreeable remedy than the alternative citation for contempt for failure of compliance with the direction of that order to turn over the partnership assets in their hands.

But the order appointing the receiver made no determination of the title and ownership of the specific property, and, if a contempt proceeding would lie in the particular circumstances, there could be no adjudication of guilt without proof of a wilful refusal to turn over what in fact was partnership property, adduced at a hearing on notice at which the affected parties were afforded an opportunity to be heard. The examination conducted by the receiver was not such a hearing.

The order is reversed; and the cause is remanded for further proceedings not inconsistent with this opinion.

*For reversal:* Chief Justice VANDERBILT and Justices CASE, HEHER, WACHENFELD, BURLING and ACKERSON—6.

*For affirmance:* None.