WESTFIELD AIRPORT, INC., ET AL., COMPLAINANTS-AP-
PELLANTS, v. MIDDLESEX-UNION AIRPORT CO., INC.,
ET AL., DEFENDANTS-RESPONDENTS.

Argued June 20, 1949—Decided June 30, 1949.

*Mr. Orlando H. Dey* argued the cause for the complainants-appellants.

*Mr. Samuel Kaufman* (*Messrs. Bilder, Bilder & Kaufman,* attorneys) argued the cause for the defendants-respondents.

PER CURIAM. In 1944 Harry Gordon and the defendant Leon Salkind were the owners of all of the capital stock of the complainant, Sussex County Airport, Inc., which operated a small airport in Andover, New Jersey. In order to extend the flying area for the planes operating ·from the Sussex County Airport, the activities of which had been strictly limited by stringent wartime regulations, Salkind and Gordon entered into negotiations in an attempt to acquire a lease of a second airport known as the Westfield Airport, lying just outside of Westfield, New Jersey, then owned by the individual defendants other than Salkind. An agreement was reached and Salkind and Gordon formed another corporation, the complainant Westfield Airport, Inc., which leased from the individual defendant owners the Westfield Airport for a term beginning July 1, 1944, and ending six months after the official termination of the then existing war, or until such time as the lifting of restrictions against civilian flying, whichever was later, at a rental of $150 per month. The lease also gave to the lessee an option to renew the lease for an additional period of two years.

During the early part of 1945, differences arose between Gordon and Salkind which ultimately resulted in Gordon buying out Salkind's share in both Sussex and Westfield. In November, 1945, the single hangar of the Westfield Airport from which the complainant Westfield Airport, Inc., had been deriving $450 monthly income through the rental of space, was destroyed by fire and became completely useless and untenantable as a hangar. Acting under a term of the lease which gave them the option of either repairing or of termi-

nating the lease and rebuilding, the defendant owners notified the complainant Westfield Airport, Inc., that the lease would be terminated as of January 31, 1946. The complainant Westfield Airport, Inc., however, retained possession of the airport although it did not pay any rent after November, 1945.

Early in 1946, Salkind opened negotiations with the owners of the airport which culminated in the sale of the airport property in July, 1946, by the individual defendants to the defendant Middlesex-Union Airport Co., Inc., allegedly owned and controlled by Salkind. In August, 1946, the defendant Middlesex-Union Airport Co., Inc., served upon the complainant Westfield Airport, Inc., a demand for immediate possession of the airport. Upon the failure of this complainant to surrender possession, the Middlesex-Union Airport Co., Inc., commenced an action in ejectment against the complainant Westfield Airport, Inc., in the Middlesex County Circuit of the former Supreme Court. Thereupon the complainants filed the present bill in Chancery seeking a decree requiring the defendants to repair the damage to the hangar, enjoining the defendants from interfering with the complainants' right to possession, enjoining the prosecution of the ejectment suit, and seeking a determination by the court as to "what rental, if any, the complainants should pay with due regard and proper allowance for the reduction in value of these premises" resulting from defendants' alleged violation of the covenant to repair. Complainants also set forth in their bill of complaint that:

"34. Complainants will pay to the Clerk of this Court, at the time of the filing of this Bill of Complaint, the sum of $1,500, being the rent stipulated for in said lease at the rate of $150 per month for the 10 months commencing February 1, 1946 and ending November 30, 1946, and will hereafter pay to said Clerk, from month to month, commencing December 1, 1946 such rent as shall hereafter accrue. Complainants reserve to themselves, however, the right to recover all or such part of said moneys as this Court shall determine and decree to be due to them."

On the payment to the clerk in Chancery of $1,500, the accrued rental, as well as $150 each month thereafter, as it

accrued, an *ad interim* restraint was granted enjoining the prosecution of the ejectment action.

Thereafter the defendants Salkind and Middlesex-Union Airport Co., Inc., moved to strike the bill of complaint as being without equity on the ground that the complainants had an adequate remedy at law. Their motion was granted and an appeal by complainants to the Court of Errors and Appeals resulted in an affirmance. Following the filing of the *remittitur*, the complainants and the defendant Middlesex-Union Airport Co., Inc., each applied to the Court of Chancery to obtain the fund deposited with the clerk in Chancery, totaling $3,450. After argument, but without any formal hearing or trial, the Court of Chancery directed the clerk to pay over the funds to the defendant Middlesex-Union Airport Co., Inc., the payment to be without prejudice to the rights of either party in the ejectment suit. In his opinion the Vice-Chancellor said:

"The fund was tendered as a condition precedent for obtaining an intermediate injunction without which tender of the rent in the *interim* no such restraint would have been granted. The fund was offered as security to the landlord. What position would the landlord be in if at this time the fund was returned to the complainants? The fund, according to the memorandum filed on this motion by complainants, is now in excess of $3,450.00. The complainants have ever since the commencement of these proceedings been in possession. Their application now for the return of the money thus deposited for 'rent' in the *interim* pending the outcome of these proceedings I conclude inequitable. The rights of the parties will now be adjudicated in the pending ejectment suit at law."

It is from this order that the complainants now appeal.

Although the fund in question was deposited as a prerequisite to the granting by the Court of Chancery of a stay of the ejectment suit, nevertheless the sums were paid into court with the expectation that the existing disputes between the parties would be determined in the Chancery suit and the fund awarded accordingly. As it turned out, the issues between the parties not only were not litigated in Chancery but, in fact, never came to issue there. There has been no hearing at any time with regard to the rights of the respective

parties to the fund. The Court of Chancery was therefore without authority to direct the payment of the fund to the defendant Middlesex-Union Airport Co., Inc., *Hyman v. Muller*, 1 *N. J.* 124 (1948). Similarly, it would have been error to have awarded the fund to the complainants, even though it had been deposited by them. The fund in court was plainly intended to serve as a guarantee of the payment of rent to the owner of the airport for the period during which the complainants were in possession, or such portion thereof as it should be held entitled to. The fund should therefore be held in court to await the outcome of the ejectment suit wherein both contesting groups will have an adequate opportunity to assert and to have tried their claims to the fund, which may then be distributed pursuant to the decision therein. The question concerning costs including counsel fees allowed in the Court of Chancery, and costs in this court, will be held to abide the determination of the ejectment suit.

The order appealed from is reversed.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, WACHENFELD, BURLING and ACKERSON—6.

*For reversal*—None.