MARIA CRISCIOTTI, ADMINISTRATRIX AD PROSEQUEN-
DUM AND GENERAL ADMINISTRATRIX OF THE ES-
TATE OF VITTORIO CRISCIOTTI, DECEASED, PLAIN-
TIFF-APPELLANT, v. RICHARD GREATREX, Jr., EVER-
ETT VAN STEENBERGHE, PHILLIP COMORA AND JOHN
L. MUNLEY, JOINTLY, SEVERALLY AND IN THE AL-
TERNATIVE, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued July 5, 1950—Decided July 14, 1950.

Before Judges McGeehan, Colie and Eastwood.

*Mr. Edward J. Madden* argued the cause for appellant (*Mr. Louis E. Saunders,* attorney).

*Mr. Albert L. Zorn* argued the cause for respondent, Comora (*Messrs. Hirschberg, Nashel, Zorn & Cronson,* attorneys).

*Mr. Abraham J. Slurzberg* argued the cause for respondents, Greatrex and Van Steenberghe (*Mr. Nathan J. Littauer,* attorney).

No brief filed on behalf of respondent Munley.

The opinion of the court was delivered by

Colie, J. A. D.   This appeal is from a judgment of involuntary dismissal of the plaintiff's suit.

At the close of the plaintiff's case, there was testimony that at about 11 P. M. on a rainy night the deceased was crossing Hudson Boulevard just north of 60th Street, West New York, from west to east, when the lights were green for north and southbound traffic; that he stepped from a safety isle, went

six or seven feet and was struck by the Greatrex car being driven by Van Steenberghe, was thrown in the air, struck the hood and slid to the ground. He was then run over by the Munley car, started to rise and while on hands and knees the Comora car struck and dragged him almost to the next street. There was evidence that the Greatrex, Munley and Comora cars were going at about 20, 25 and 22 miles an hour, respectively. In addition there was testimony that the Greatrex car went about 25 feet after the impact before the witness, McDonough, heard the screech of its brakes.

A dismissal at the conclusion of the plaintiff's case is proper only when the evidence and all legitimate inferences to be drawn therefrom are such that no view which the jury might lawfully take of it favorable to the other party would be sustained. *Dobrow v. Hertz*, 125 *N. J. L.* 347 (*E. & A.* 1940). Negligence is never presumed and the mere happening of an accident, standing alone, will not support an inference of negligence, but in the present case there were other elements present. It was raining hard at the time, there was evidence of speed in excess of the statutory limit, no evidence of a slackening of speed by the drivers of any of the three cars although decedent was visible to the witness McDonough and from the latter fact it would seem that the jury might reasonably infer either that the respective drivers made no observations, or if they did so, they were ineffective. From this we deduce that there was evidence in the case from which the jury might draw reasonable inferences of negligence and therefore it was error to enter a judgment of dismissal.

The judgment is reversed.