CARMELO CRESPO, PLAINTIFF-RESPONDENT, v. ROBERT
 H. LIPSCHUTZ, AND ANOTHER, DEFENDANTS-APPEL-
 LANTS.

Superior Court of New Jersey
Appellate Division

Argued December 11, 1950—Decided December 28, 1950.

Before Judges JACOBS, EASTWOOD and BIGELOW.

*Mr. Edward Fishman* argued the cause for the respondent.

*Mr. G. Arthur Bolte* argued the cause for the appellant Robert H. Lipschutz (*Messrs. Bolte & Repetto,* attorneys).

The opinion of the court was delivered by

BIGELOW, J. A. D.   The argument for the defendant-appellant leads to a single question: Was the verdict, either as to liability or as to amount of damages, against the weight of the evidence?   The plaintiff was riding a bicycle along the White Horse Pike at Hammonton at night—about one A. M.—

when defendant, driving an automobile in the same direction, overtook and ran into him. It is for the injuries thus inflicted that plaintiff sues. Let us reverse the logical order and consider first contributory negligence.

Plaintiff had a passenger seated on the rear mudguard, in violation of the Traffic Law, R. S. 39:4–12. But there was no proof that the bicycle wobbled in its path or other evidence that the presence of a man on the mudguard was a contributing cause of the accident. The accident happened near Holiday Inn, where plaintiff met his companion. The bicycle had traveled only about 125 feet from the point in front of the Inn where plaintiff mounted it, before it was struck by the automobile. The jury might have inferred that if plaintiff had looked carefully to his left just before starting to pedal along the highway, he would have seen defendant's car at hand and avoided the collision. But plaintiff testified he did look and saw only one car and that at what seemed a safe distance, namely, at a certain traffic light which was proved to be four-tenths of a mile distant. Apparently the jury believed him. The White Horse Pike at Hammonton is a three-lane highway. Plaintiff was riding in the right-hand lane. There is some evidence that just before his bicycle was struck, he turned toward his left—perhaps to avoid the car he heard behind him—and that the impact occurred in the center lane, as defendant had also swerved to the left. But evidence of equal or greater weight indicates that plaintiff did not veer to his left but was hit while still riding straight ahead in the right-hand lane.

The most serious question of contributory negligence is presented by the fact that plaintiff had no light on his bicycle as required by R. S. 39:4–10. The Pike is a heavily traveled highway and the accident occurred late on a Saturday night—or rather early on Sunday morning, in August. The plaintiff's negligence cannot be doubted. But did it contribute to bringing about the accident? That was peculiarly a jury question. S. Kosson & Sons v. Union Bldg., etc., Co., 108 N. J. L. 111 (E. & A. 1930). There are street lights, stag-

gered, along the White Horse Pike in this neighborhood, each on an arm extending to the middle of the nearest lane. One of these lights was over the lane where the plaintiff was riding and 25 feet or so south (the parties were traveling northward) of the point of collision. Police Officer Patton testified that the street light "Gives a high light there, also this one and this one (he points to a sketch map), got the whole Pike lit up, got light reflection down on the road all the way along there." The Holiday Inn also carried strong lights that shone on the highway.

With the proofs in this state, the court charged the jury, "A plaintiff will be barred from recovery where his negligence contributed to the injury in such a way that if he had not been negligent, he would have received no injury from the act of the defendant." And again, "The failure of the plaintiff to have lights on his bicycle is a violation of the Traffic Act. Such a violation is not negligence *per se,* but is only a circumstance to be considered by you in determining from all the facts and circumstances whether the plaintiff was negligent, and whether such negligence was the proximate cause of the accident."

One might conclude that even though defendant was driving his car with scant attention to the road in front, yet the red gleam of a tail light on the bicycle would have caught his eye in time for him to avoid striking plaintiff. Or reasonable men might hold to the contrary that on a road as well lighted as the White Horse Pike at Hammonton, a light on the bicycle would not have materially altered the situation, and that the absence of the light was not one of the factors that brought on the accident. If different minds may honestly draw from the evidence different conclusions as to the cause of the accident, the solution of the question belongs to the jury. *Ferguson v. Central R. R. Co.,* 71 *N. J. L.* 647 (*E. & A.* 1905); *Garlanger v. Burlington, etc., Co.,* 86 *N. J. L.* 359 (*E. & A.* 1914). Where an issue of facts depends principally on permissible inferences drawn from the testimony, the verdict is not normally subject to interference. *Smith v.*

*P. Lorillard Co.,* 67 *N. J. L.* 361 (*Sup. Ct.* 1902); *Queen v. Jennings,* 93 *N. J. L.* 353 (*Sup. Ct.* 1919). While the question is close, we decline to disturb the verdict on the ground that plaintiff's negligence contributed to the happening.

■■ There were firm bases for finding defendant negligent: The excessive speed deducible from the distance his car traversed, while the bicycle covered only 125 feet. The defendant's failure to notice the bicycle in front of him until he was within a few feet of it.

In our opinion, the evidence sustains placing liability on the defendant. Now as to damages. The verdict was $10,000, of which $2,500 or a little more may be allocated to medical expenses and loss of earnings to the time of trial. Allocate $1,500 to pain and past and future discomfort and other non-pecuniary damage. That leaves $6,000.

Plaintiff had a permanent injury estimated at a 15 to 20 per cent disability of his left leg. His leg is weaker and the knee joint stiff. "I think that if he were to be required to do prolonged laborious work, that he would get distress referable to his left knee as long as he lives." Plaintiff was a farm laborer before the accident, and will now probably have to find some other kind of employment. Besides the injury to his leg, there was evidence that he suffered a 20 per cent loss of hearing of one ear, and a very slight loss of hearing through the other. The man was 28 years old at the time of trial. He had been earning $6 a day for a 10-hour day, but his work—or at least the rate of pay—was seasonal. The sum of $6,000 at age 28 is the present value of an annuity of $280 a year, or $5.40 a week, according to the tables contained in the court rules. Say, 15 per cent of the wages he used to be paid.

The verdict is not excessive. Judgment affirmed with costs.