29 N.J. Super. 141 (1953)
102 A.2d 63
PHILIP DUFFY, PLAINTIFF-APPELLANT,
v.
D. RAYMOND CRATSLEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 1953.
Decided December 4, 1953.
*142 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Bernard Shurkin argued the cause for plaintiff-appellant (Messrs. Sanderson & Engel, attorneys).
Mr. Merritt Lane, Jr., argued the cause for defendant-respondent (Messrs. McCarter, English & Studer, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
Plaintiff, while riding a bicycle, was struck by an automobile operated by defendant. At the close of plaintiff's case, the court dismissed the action, *143 stating all that had been proved was an accident. Plaintiff appeals.
On a motion to dismiss we may properly concern ourselves only with those inferences, fairly deducible from the evidence, which favor the plaintiff. The accident happened 8:45 in the evening. Plaintiff and defendant were going in the same direction, the defendant at the rate of 10-15 miles an hour. Plaintiff had on a dark coat and dark clothing but there was a light on the front of his bicycle and a red reflector of over two inches on the back of the seat.
After the accident defendant said "it just happened. [I] didn't even notice the man." The trial court, on granting the motion of dismissal, observed "apparently nobody saw the plaintiff driving." This was obvious error. There was an electric street light ten feet from the place of the accident, and, though a light rain was falling, one witness coming down a driveway said she had "not a bit" of trouble in seeing him. Another witness said he had no difficulty in observing the plaintiff. True enough, one of these witnesses was very close to the plaintiff and the other not far away, but we think the jury might reasonably have inferred that the reason the defendant had not seen the plaintiff was that he had made no observations or had been negligent in making them. Crisciotti v. Greatrex, 9 N.J. Super. 26 (App. Div. 1950).
There is a rule, defendant claims, requiring plaintiff to establish "such circumstances as * * * would exclude the idea that [the injury] was due to a cause with which the defendant was unconnected." Hansen v. Eagle-Picher Lead Co., 8 N.J. 133 (1951) is cited. However  this much-repeated rule having been urged upon us in other cases, too  we take occasion to point out, as Justice Swayze has suggested, that if the words we have quoted, are taken alone and out of context, they plainly require some modification. The plaintiff does not have to adduce proof of circumstances which exclude all hypotheses favorable to the defendant; as Justice Swayze said, all that is required of *144 the plaintiff is that his case be so strong that a jury might properly, on grounds of probability, exclude such hypotheses. Austin v. Pennsylvania R. Co., 82 N.J.L. 416 (E. & A. 1911). In other words, looking at the matter at the time of a motion for dismissal, the rule is that where the evidence properly warrants a finding either that the defendant was negligent or that he was unconnected with the matter, the case must go to the jury. As so interpreted, this rule, said to obtain where the evidence is circumstantial, is no different in effect from that in a case based on direct evidence. We, of course, are not dealing here with the doctrine of res ipsa loquitur.
The matter of the defendant's negligence should have gone to the jury.
Defendant's argument that there was contributory negligence as a matter of law is founded, in the main, upon two circumstances. First, it is said that the visibility being not "too good" and the plaintiff having seen the lights of the defendant's auto, he should not have started riding his bicycle, as he did, "without again looking at those lights to see where they were." It takes a strong case for the court to find contributory negligence as a matter of law. Gentile v. Public Service Coordinated Transport, 12 N.J. Super. 45 (App. Div. 1951), and cases cited. The jury here might properly have found that the plaintiff had reason to rely on the defendant seeing him.
The second circumstance upon which contributory negligence is predicated, was the failure of plaintiff to have a light on the rear of his bicycle, as required by N.J.S.A. 39:4-10, amended L. 1951, c. 23. Defendant relies upon Cardarelli v. Simon, 149 Pa. Super. 364, 27 A.2d 250 (Super. Ct. 1942). However in Crespo v. Lipschutz, 11 N.J. Super. 64 (App. Div. 1950), certif. den. 6 N.J. 497 (1951), this court held it to be a jury question, under the circumstances there, whether the failure to have a light on the bicycle in accordance with the statute, amounted to contributory negligence. So here.
Reversed.