45 N.J. Super. 246 (1957)
132 A.2d 321
VASILIKI G. MITILENES, GENERAL ADMINISTRATOR OF THE ESTATE OF GEORGE D. MITILENES, AND VASILIKI G. MITILENES, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF GEORGE D. MITILENES, PLAINTIFF-APPELLANT,
v.
WALTER SNEAD, ROBERT SNEAD AND CONSTANTINE E. CARRAS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 3, 1957.
Decided June 7, 1957.
*248 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Edward J. Abromson argued the cause for appellant.
Mr. Jerome S. Lieb argued the cause for respondent Constantine E. Carras (Messrs. Harkavy & Lieb, attorneys).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiff, as general administrator and as administrator ad prosequendum, appeals from a Superior Court, Law Division, judgment in favor of defendant Carras in an intersectional automobile negligence action resulting in the death of his decedent, George D. Mitilenes.
Decedent was a passenger in the Carras automobile travelling east on Branford Place, Newark, at 6 A.M. on the morning of the accident. Defendant Robert Snead was driving defendant Walter Snead's car north on Washington Street. The intersection at Branford Place and Washington Street is controlled by traffic signals. As in all actions of this nature, each defendant places the blame on the other. Carras claims that the green light was in his favor as he proceeded through the intersection. He testified that the first time he saw the Snead car was "a split second before *249 the impact," and this was repeated several times during direct and cross-examination. He tried to apply his brakes and veer to the left, but these efforts to escape collision were unsuccessful; his testimony was "The moment I saw it, it hit." The jury returned a verdict in favor of plaintiff against Robert Snead, a verdict of no cause of action against Carras, and a verdict in favor of Carras on his cross-claim against Snead. The claim against Walter Snead was dismissed with prejudice at pretrial.
Robert Snead filed no appeal from either of the judgments against him. However, by letter sent through counsel he informally sought leave to adopt appellant's brief and join in the appeal. Such leave cannot be granted. There was no timely filing and service of a notice of appeal from either of the judgments, and they cannot be disturbed. In re Pfizer's Estate, 6 N.J. 233, 239 (1951).
The basis of plaintiff's present appeal is that the trial court improperly refused to permit Carras to be cross-examined as to testimony given in a previous criminal proceeding, arising out of the same accident, the contention being that it was inconsistent with Carras' testimony in the instant proceedings.
The cross-examination in question was by counsel for Snead, not plaintiff. Carras was asked:
"Q. Was this question asked you [in the criminal proceeding]: `When you first saw this car you say it was just a question of a second before the impact occurred. Is that right?'
And at that point the Court said: `He saw the other car a split second before the impact.'
Then the question: `At that time can you tell the Court and the jury where the car was, the car that struck you?'
Your answer: `I did not see that car, sir.'
Was that your answer to that question at the time?"
Following extended colloquy, the court refused to allow the question to be answered. After reading the page of the transcript from which counsel was quoting, as well as the preceding page where Carras had testified that he first saw the Snead car "a split second before" the collision, the trial *250 judge stated that he did not see "a sufficient clarity in contradiction to allow it." Counsel acquiesced in the ruling. Thereupon plaintiff's attorney, who had already completed his cross-examination, began to importune the court to change its ruling. After further colloquy, the trial judge adhered to his position and said: "I will not permit the taking of one question out of context. * * * [U]nder the Then case [State v. Then, 118 N.J.L. 31 (Sup. Ct. 1937), affirmed 119 N.J.L. 429 (E. & A. 1938)] everything that was said on the point at that moment should be admitted."
Counsel for plaintiff did not undertake to offer the remainder of the transcript. The court's adherence to its ruling is the sole basis of the present appeal. Plaintiff's argument is that the testimony sought to be adduced under cross-examination by counsel for Snead was directly relevant to the issue. He claims that had the latter successfully attacked the witness' credibility in this regard, the jury might well have refused to accept Carras' testimony, which Snead disputed, as to the color of the light, and this under the familiar doctrine of false in one thing, false in everything. Clark v. Public Service Electric Co., 86 N.J.L. 144 (E. & A. 1914). He asserts, further, that had the conflicting testimony been admitted, the jury might then have reasonably found that Carras' failure to see the Snead car was occasioned by his failure to make a proper observation, or any observation at all. Duffy v. Cratsley, 29 N.J. Super. 141 (App. Div. 1953).
It is elementary that a prior contradictory declaration of any party to the litigation, inconsistent with or contradictory of his present claim, is admissible by the opposing party to neutralize the testimony of the declarant, and once admitted into evidence it may be used as substantive, affirmative proof. New Amsterdam Casualty Co. v. Popovich, 18 N.J. 218, 224 (1955); Link v. Eastern Aircraft, etc., 136 N.J.L. 540, 541 (E. & A. 1948). The extent to which the introduction of such evidence is permitted on cross-examination of a party has in this State often been said to be within the sound discretion of the trial court, and its *251 exercise will not be interfered with in the absence of palpable mistake. Palkoski v. Garcia, 32 N.J. Super. 343, 351 (App. Div. 1954), affirmed 19 N.J. 175 (1955); Disque v. State, 49 N.J.L. 249, 250 (Sup. Ct. 1887), where Chief Justice Beasley observed that the general practice in both civil and criminal cases is to permit a testifying party "to be cross-examined [as] to the whole case, and such judicial action, being founded in discretion, is not a matter on which error can be assigned." However, in the more recent case of State v. Bartell, 15 N.J. Super. 450, 455 (App. Div. 1951), affirmed per curiam by an equally divided court in 10 N.J. 9 (1952), where the cases are reviewed, this court declared that although cross-examination solely tending to test the credibility of a witness rests in the sound discretion of the trial judge, subject only to the consequences of its abuse, "cross-examination of a party on matters directly in issue or directly relevant to the issue is a matter of right." To the same effect see Prout v. Bernards Land & Sand Co., 77 N.J.L. 719, 721 (E. & A. 1909); Fidelity Union Trust Co. v. Sayre, 137 N.J. Eq. 179, 181 (E. & A. 1945). And where failure to permit cross-examination seriously affects the substantial rights of a party to the suit, a judgment based upon such failure will not be permitted to stand. Liberatori v. Yellow Cab Co. of Philadelphia, 35 N.J. Super. 470, 478 (App. Div. 1955).
But an unhampered right to probe the recesses of doubt and uncertainty should not be mistaken for a free rein to put to a witness questions as to statements previously made, when the fair meaning of those statements has not survived the separation of them from their original context. We have examined the pages of the transcript of the prior criminal proceeding, having permitted the appendix to be supplemented on motion of defendant Carras. Now that we have the benefit of that transcript, and considering it in relation to the cross-examination attempted by Snead's counsel in the present case, we cannot reasonably say that the trial judge erred when he said that he saw no "sufficient clarity of contradiction" to warrant the question being pressed by *252 counsel. His ruling was that he would not permit the taking of one question out of context unless everything that was said on the point at that moment were admitted. Such a ruling was within the trial court's discretion. It did not impede proper cross-examination as to relevant matters, but required only that it be done in fairness to the party-witness being questioned.
We do not address ourselves to the present attempt of plaintiff's counsel to fasten upon the trial court's alleged error in limiting cross-examination of Carras by Snead's counsel. In referring to the Then case and stating that "everything that was said on the point at that moment should be admitted," the trial court in effect invited plaintiff's counsel to present to the court and jury all of the evidence given by Carras in the prior proceedings, so that his testimony at that time would appear in a comprehensive setting. Counsel did not take advantage of the opportunity thus afforded him. Paraphrasing Grobart v. Society for Establishing Useful Manufactures, 2 N.J. 136, 146 (1949), neither the trial court nor the opposing party could be forced into the position of buying a pig in a poke  that is, the answer "I did not see that car" divorced from its full context.
We should observe that the protracted colloquy which followed immediately after the attempt by Snead's counsel to cross-examine Carras as to what he said in the previous proceeding was carried on within hearing of the jury, so that it was fully exposed to what Carras had said by way of alleged contradiction in the criminal action.
We perceive no prejudice visited upon plaintiff. It has not been demonstrated that the trial court's ruling was inconsistent with substantial justice. R.R. 1:5-3(b).
Affirmed.