103 N.J. Super. 284 (1968)
247 A.2d 139
CLARE DAVIS, PLAINTIFF-APPELLANT,
v.
ROBERT DAVIS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 14, 1968.
Decided October 25, 1968.
*286 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Julius B. Poppinga argued the cause for appellant (Messrs. McCarter & English, attorneys).
Mr. Robert B. Silverman argued the cause for respondent.
The opinion of the court was delivered by LEONARD, J.A.D.
Plaintiff appeals from a judgment of the Bergen County Juvenile and Domestic Relations Court which dismissed her complaint for support referred to it by the Family Court of New York under the Reciprocal Enforcement of Support Act (N.J.S. 2A:4-30.1 to 30.23).
The parties, wife and husband, were married on January 9, 1960. In March or April 1965 defendant left plaintiff and they have been living separately ever since. Defendant has provided no support for plaintiff since his departure. Plaintiff now lives in New York City and defendant in Hackensack.
On January 10, 1967 plaintiff filed a verified petition for support against defendant with the Family Court of New York, pursuant to the Uniform Support of Dependents Law of that state. She appeared before that court and testified, albeit very generally, that she was ill and unemployed, had an income of $1,500 to $2,000 annually from stock dividends, and needed $75 a week for support. She also testified defendant was then living with another woman. Exemplified copies of plaintiff's petition and a transcript of her testimony were thereafter transmitted to the Bergen County Juvenile and Domestic Relations Court.
On June 22, 1967 defendant testified before the Juvenile and Domestic Relations Court, ex parte. Although he did not deny that he deserted plaintiff, he did controvert her testimony as to her income and financial status and her need for support. He further asserted that his own monthly earnings *287 (of some $750 to $900) was barely sufficient to meet his expenses.
Believing that plaintiff should be given an opportunity to "meet this information," the court directed that defendant's testimony be sent to the New York court. Actually, only "court notes" of his testimony, and not a transcript thereof, were forwarded.
On July 24, 1967 plaintiff gave "answering testimony" before the New York court. The judge apparently had possession of the "court notes" and examined her in detail on the contents thereof. A transcript of plaintiff's testimony was returned to New Jersey, and the local court, after a consideration of all the evidence before it, concluded that "no order for payment of support monies is warranted at this time" and accordingly dismissed plaintiff's complaint.
Plaintiff primarily urges that the trial court erred in taking and accepting defendant's testimony without having notified her of the hearing date thereof so that she might have an opportunity to cross-examine him. In support of this contention plaintiff states that at the time she filed her petition she understood that defendant would be summoned to appear in New Jersey to present his testimony and that she requested the New York court to advise her of the date of the hearing so that she might go to New Jersey with counsel and cross-examine defendant. However, she was not so advised and was not given a copy of the "notes" of defendant's testimony until after the judgment of dismissal was entered and this appeal was in progress. Defendant does not deny these allegations.
Generally, the cross-examination of a party witness on matters directly in issue or directly relevant thereto is a matter of right. Brogan v. Passaic Daily News, 22 N.J. 139, 153 (1956); Mitilenes v. Snead, 45 N.J. Super. 246, 251 (App. Div. 1957). Where failure to permit cross-examination seriously affects the substantial rights of a party to the suit, a judgment based upon such failure will not be permitted to stand. Mitilenes, at p. 251; Liberatori v. Yellow *288 Cab Co. of Phila., 35 N.J. Super. 470, 478 (App. Div. 1955).
The pertinent inquiry here presented is whether the right of notice of hearing and of cross-examination is possessed by the parties to a proceeding under N.J.S. 2A:4-30.1 et seq. Under the statute, when New Jersey is the "responding state" our court is obligated to hold a hearing (N.J.S. 2A:4-30.12) to determine whether defendant is under a duty to support plaintiff, and to issue an appropriate order (N.J.S. 2A:4-30.13). We have held that this determination can be made only upon the basis of evidence adduced before the court and of depositions taken on notice to defendant. Pfueller v. Pfueller, 37 N.J. Super. 106 (App. Div. 1955). Further, there is no "hearing" within the contemplation of due process when the affected party has not the means of knowing what evidence is offered or considered and is not afforded an opportunity to test, explain or refute it. Hyman v. Muller, 1 N.J. 124, 129 (1948).
In Daly v. Daly, 21 N.J. 599 (1956), plaintiff wife proceeded under the Uniform Reciprocal Act in Kentucky. In the course of the proceedings the New Jersey trial court propounded certain "depositions and interrogatories" to plaintiff which were answered by her in her home state, without defendant having had an opportunity of cross-examination. On defendant's appeal from an order for support, the court noted that defendant's lack of such an opportunity "could present a constitutional question of some difficulty." However, it was able to reach a decision upon the proof in the record "without considering these depositions or interrogatories." (at p. 607).
In Brogan v. The Passaic Daily News, supra, 22 N.J., at p. 154, the court, citing Daly, said:
"A construction of the statute [not the one here involved] permitting the deprivation of a party's right of cross-examination on vital issues of his cause of action could create constitutional difficulty or infirmity. It is our duty to so construe a statute that its enforcement is confined within constitutional limits."
*289 This problem was squarely presented in Carpenter v. Carpenter, 231 La. 638, 92 So.2d 393 (1956). There, plaintiff was living in California and defendant in Louisiana. She instituted proceedings for support under the reciprocal support act and her testimony was taken in her home state. The husband denied liability for support. However, the trial court after considering the wife's testimony directed defendant to pay support to plaintiff. The Louisiana Supreme Court, in agreeing with the husband's contention that the testimony of the wife taken in California was ex parte evidence and inadmissible, said:
"However, there is merit in the contention of appellant that the judgment was predicated on improper and insufficient evidence. When in his answer, he denied liability for the alimony herein sought a duty devolved upon plaintiff to prove her claim with legal evidence as with ordinary suits, that is, by means of oral testimony, interrogatories, depositions, etc. with the defendant having the right to cross-examine the witnesses. Yet this plaintiff introduced only, and she relied wholly on, the testimony given by her during the hearing before the California Court, at which the defendant was not cited to appear and hence had no opportunity for cross-examination; and it amounted to nothing more than an inadmissible ex parte statement." (at p. 396)
To the same effect see also Lambrou v. Berna, 148 A.2d 697 (Me. Sup. Jud. Ct. 1959).
Here, although defendant did not deny that he deserted his wife, he challenged her right to support. His testimony was directly related to her separate income and property, her lack of need for support and his own income and financial status. The evidence adduced by him was directly material to the question to be resolved by the court. Thus, we conclude that plaintiff was entitled to notice of the hearing and an opportunity to cross-examine defendant, and that she was deprived of a fundamental right when such an opportunity was not made available to her.
Defendant asserts that even if plaintiff was entitled to notice and cross-examination she waived it. The basis of *290 this argument is that plaintiff knowingly appeared in the New York court with her attorney for the purpose of responding to defendant's testimony and that at that time neither she nor her attorney requested the right to cross-examine defendant, nor did either of them ever assert such a claim to the New Jersey court. This contention has no merit. Plaintiff at the very beginning of the proceedings in New York requested that she be told of the date when her husband would testify in this State so that she or her counsel might come here and cross-examine him. She was never so advised. Nor was she timely given a transcript of defendant's testimony. She received the "court notes" thereof only after the hearing below had been concluded. In our opinion, these circumstances do not spell out a waiver, either expressly or by failing to avail oneself of an opportunity to cross-examine. See United States v. Hickey, 360 F.2d 127, 145 (7 Cir. 1966), certiorari denied 385 U.S. 928, 87 S.Ct. 284, 17 L.Ed.2d 210 (1966); Silva v. Klinger, 355 F.2d 657, 658 (9 Cir. 1966).
Defendant further contends that we should not consider plaintiff's claim that she was denied the opportunity to cross-examine him because she did not raise it "below." Upon the record, we are unable to find that plaintiff did not raise this issue. She clearly did not have an opportunity to make a timely objection before the New Jersey court. In any event, we deem the absence of notice and the consequent deprivation of her right to cross-examine defendant to be sufficiently grievous as to amount to plain error under R.R. 1:5-3(c).
Based upon the above, the judgment of dismissal is reversed and this matter is remanded to the trial court for a plenary hearing.
Upon the remand the court shall forthwith fix a hearing date and cause notice thereof to be given to both parties. See Pfueller v. Pfueller, supra, 37 N.J. Super., at pp. 109-110. Plaintiff should first adduce her proof before defendant presents his. Each party should be given appropriate opportunity *291 to cross-examine the other and their respective witnesses.
Our holding in this case is not intended to indicate that where an indigent wife files a proceeding under the act in a distant state and where it is clear that she cannot or will not appear here personally or by counsel, the court is necessarily without power to examine defendant ex parte. But in such case the court should require the presence of the county adjuster, as representative of the complainant, as directed by N.J.S. 2A:4-30.12.
As a guide to the trial court, on the merits, we note that the duty to support resting upon a husband is not solely dependent upon the adequacy or inadequacy of the wife's means, or upon the fact that she is working and earning an income or capable of working and supporting herself. The controlling rule as to the effect of such factors is stated in Bonanno v. Bonanno, 4 N.J. 268, 274 (1950).
Reversed and remanded in accordance herewith.