**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0333-17T1

ALBERT WITTIK,

    Plaintiff,

v.

DEBRA WITTIK,

    Defendant/Third-Party
    Plaintiff-Respondent,

v.

ANGELA SUSKE, individually and
as Guardian of NICHOLAS SUSKE
and NINA SUSKE,

    Third-Party Defendant-
    Appellant,

and

NICHOLAS SUSKE, individually,
NINA SUSKE, individually,
and THERESA ANGELO,

    Third-Party Defendants.

_____

Submitted October 22, 2018 – Decided December 3, 2018

Before Judges Gooden Brown and Rose.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0426-12.

Deborah A. Rose, attorney for appellant.

Jeney, Jeney & O'Connor, LLC, attorneys for respondent (Carol A. Jeney, of counsel and on the brief).

PER CURIAM

In this matrimonial matter, third-party defendant Angela Suske appeals from the portions of the June 26, August 28, and September 18, 2017 Family Part orders, allowing for the distribution of property, in which she had a fifty percent interest, as part of an equitable distribution award. Suske argues she was dispossessed of her property interest without procedural due process. We agree and reverse.

By way of background, plaintiff Albert Wittik and defendant Debra Wittik were married in 1982. No children were born of the marriage. However, Suske is plaintiff's daughter from a prior marriage and the mother of Nicholas and Nina Suske. In 2003, plaintiff and defendant separated, and plaintiff filed a complaint for divorce in Pennsylvania, which he later dismissed in 2004. The following

year, in June 2005, plaintiff purchased property located on Cheyenne Trail in Branchburg, New Jersey, for $375,000, and, two months later, transferred a one-half interest to Suske as a tenant-in-common.

On October 7, 2011, plaintiff filed another complaint for divorce in New Jersey.[1] On November 8, 2011, defendant filed an answer and counterclaim seeking equitable distribution and alimony. By leave granted, on May 16, 2014, defendant filed a third-party complaint naming Suske, her children, and plaintiff's mother as third-party defendants, alleging that, among other things, the transfer of title in the Cheyenne Trail property "was done in an attempt to prevent . . . [defendant] from receiving her share of the marital property."

On July 25, 2014, Suske filed a contesting answer. In her deposition conducted on November 19, 2014, Suske testified she was unaware of her interest in the Cheyenne Trail property until she was served with the third-party complaint and admitted that she neither paid any money in consideration for the property nor paid any expenses related to the property. She believed plaintiff transferred the property into their joint names "for estate planning purposes or in the event that he would pass, as [she was] his only child."

---

[1] Plaintiff later voluntarily dismissed the complaint, but the complaint was reinstated by a May 3, 2013 consent order.

A-0333-17T1

On May 12, 2016, defendant's motion to dismiss plaintiff's complaint with prejudice "for failure to provide fully responsive discovery in compliance with discovery requests . . . and [c]ourt orders" was granted. Default was entered on defendant's counterclaim and a default judgment hearing was scheduled. Prior to the default hearing, in accordance with Rule 5:5-10, defendant sent a Notice of Proposed Final Judgment dated July 28, 2016, notifying plaintiff and Suske that she was seeking equitable distribution of all joint marital assets, including "[f]ifty percent . . . of the net proceeds of sale (or fair market value)," of the Cheyenne Trail property. In addition, defendant was seeking an order "that the property immediately be placed back into the sole name of . . . [p]laintiff, that the house be sold if necessary, and that the proceeds be used to pay [defendant] her share of equitable distribution."

A February 21, 2017 default hearing was aborted when the trial judge recused himself over a perceived conflict of interest, and transferred the case to another county. Thereafter, the default hearing was conducted on May 1 and 2, 2017. Suske was never notified by the court of either the February 21 or May 1 scheduled default hearing dates. However, on March 13, and again on April 25, 2017, defendant served Suske with a Notice in Lieu of Subpoena to be "on call" to testify at the May 1, 2017 default hearing. In the accompanying letters,

4

defendant's attorney indicated that Suske did not have to appear in court unless she received a call from counsel. Suske was never called to testify at the default hearing and did not appear. Additionally, her deposition testimony was never introduced into evidence at the hearing.

Following the hearing, on May 18, 2017, the judge issued an oral decision, granting the divorce on defendant's counterclaim and awarding defendant $500,000 in equitable distribution. Considering "the protracted history and obvious difficulties brought about by . . . plaintiff's unilateral actions in transferring marital property over a substantial period of time," the judge appointed "a trustee to ensure that . . . defendant . . . receive[d] the sum[] awarded." The trustee was authorized by the judge to identify, locate, and liquidate plaintiff's assets to "pay . . . defendant her equitable share of $500,000" in "six months."

According to the judge, "[i]f at the end of the six-month period any or all of the $500,000 awarded, plus counsel fees[,] is not paid, then the trustee shall have the authority to deed over title of the [Cheyenne Trail property] to the defendant," which the judge "valued at $325,000." The judge continued, "[t]he defendant will then have a judgment against the plaintiff for whatever deficiency exists." However, according to the judge, if defendant is "paid in full out of the

plaintiff's liquid assets, then the trustee will release the [Cheyenne Trail] property back to the plaintiff and his daughter."

The judge included the Cheyenne Trail property in the equitable distribution award "despite plaintiff having transferred his one-half interest . . . to his daughter," in order "to remedy" plaintiff's "wrongful dissipation or transfer of assets." According to the judge, "many of the assets . . . have been purposely transferred and moved around . . . . to hide assets and prevent . . . defendant from receiving her fair share of equitable distribution."

In a June 12, 2017 letter to the judge, Suske's counsel sought clarification as to whether the judge's decision "resolved the third[-]party action in addition to the first[-]party complaint." Counsel explained that although the judge's decision "may be interpreted to affect assets that belong to the third[-]party defendants or are held jointly between the plaintiff and third[-]party defendants," counsel's understanding "was that any default hearing would not encompass the third[-]party complaint." Counsel's belief was predicated on the fact that "the third[-]party defendants . . . were not in default," and "neither [her] office nor [her] client directly received any notices from the court of the[] trial dates," despite her client receiving a trial subpoena issued by defendant's attorney. In a June 14, 2017 letter, the judge responded that based on defense

counsel's representation "that the third[-]party defendants were subpoenaed . . . and therefore had notice" of the trial date, the "case proceeded to trial and was fully adjudicated."

On June 26, 2017, the judge entered a final judgment of divorce (FJOD), memorializing his May 18, 2017 oral decision. Thereafter, defendant moved for reconsideration of certain provisions of the FJOD in order to specify that the trustee shall have access to all assets solely in plaintiff's name or in his name jointly with the third-party defendants, or, in the alternative, scheduling a trial date to adjudicate the third-party complaint. In the supporting certification, defendant's attorney stated that "[d]espite service of a Notice in Lieu of Subpoena" on Suske "to testify on behalf of . . . [d]efendant . . . at the [d]efault [h]earing," ultimately, "it was decided that the testimony . . . was not required." Further, defense counsel conceded that, at the time of the trial, the third-party defendants were neither in default nor was there any "adjudication of the [t]hird[-p]arty [c]omplaint."

Plaintiff opposed defendant's motion and cross-moved for reconsideration of "certain provisions" and to stay enforcement of the FJOD. In a supporting certification, plaintiff's attorney agreed that "[a]t no time during the litigation was [d]efault entered against the [t]hird-[p]arty [d]efendants, and at no time

[were] . . . the [t]hird-[p]arty [d]efendants put[] . . . on notice that any proceeding was scheduled involving their interests." Thus, according to plaintiff's attorney, "[t]he entry of Judgment adjudicating the property interests of the [t]hird-[p]arty [d]efendants violated their rights to due process." In reply, defendant's attorney certified that notwithstanding plaintiff's opposition, no opposition to defendant's motion for reconsideration was filed by the third-party defendants, and the motion was thus "unopposed." In addition, defendant's attorney attached as an exhibit Suske's November 14, 2014 deposition transcript to support her request for relief.

Oral argument on the reconsideration cross-motions was conducted on August 28, 2017. Although no written opposition was filed, over defendant's objection, Suske's attorney was permitted to adopt plaintiff's position, and argue that the judge erred in adjudicating the third-party complaint and taking assets without affording her client "due process." In rejecting the due process argument, the judge explained that the third-party defendants had notice of the proceedings. The judge noted they were served with a notice of a proposed judgment in 2016 relating to the equitable distribution of assets owned jointly by plaintiff and the third-party defendants, and Suske was issued an "on-call

subpoena" for the May 2017 default hearing. However, according to the judge, "[the third-party defendants] effectively sat on their rights" and "did nothing."

The judge also considered Suske's deposition transcript provided by defendant's attorney and concluded that "the deposition testimony more or less reinforce[d]" his ultimate decision in the case. Thus, the judge found that although the third-party defendants "were not involved and [did not] perpetrate any kind of fraud themselves, . . . they . . . received property that was wrongfully dissipated by the plaintiff in this matter." Therefore, the judge granted defendant's motion to correct the error in the FJOD by specifying that the trustee had access to assets solely in plaintiff's name or in his name jointly with the third-party defendants, and denied plaintiff's motion for reconsideration and a stay. The judge entered a conforming amended FJOD on August 28, 2017, and a memorializing order, denying plaintiff's motion, on September 18, 2017. This appeal followed.

Under the Fourteenth Amendment to the U.S. Constitution, no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "Fundamentally, due process requires an opportunity to be heard at a meaningful time and in a meaningful manner." Doe v. Poritz, 142 N.J. 1, 106 (1995) (citing Kahn v. U.S., 753 F.2d 1208, 1218 (3d

Cir. 1985)). Thus, the minimum requirements of due process are "notice and the opportunity to be heard." Ibid. However, due process is "a flexible [concept] that depends on the particular circumstances." Ibid.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). See also Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 14 (1978) (holding that "[t]he purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending 'hearing'" which may affect their legally protected interests).

Our courts have held that "[t]here can be no adequate preparation where the notice does not reasonably apprise the party of the charges, or where the issues litigated at the hearing differ substantially from those outlined in the notice." Dep't of Law & Pub. Safety, Div. of Motor Vehicles v. Miller, 115 N.J. Super. 122, 126 (App. Div. 1971). "Further, there is no 'hearing' within the contemplation of due process when the affected party has not the means of knowing what evidence is offered or considered and is not afforded an

opportunity to test, explain[,] or refute it." Davis v. Davis, 103 N.J. Super. 284, 288 (App. Div. 1968) (quoting Hyman v. Muller, 1 N.J. 124, 129 (1948)).

Here, although Suske had notice of the pending divorce proceedings, all parties agreed that she had no notice that the default hearing would also encompass and adjudicate the third-party complaint. In our opinion, service of the notice of proposed judgment in 2016, or the "on-call subpoena" for the 2017 default hearing, does not constitute adequate notice. Moreover, because the judge determined that the Cheyenne Trail property would remain in plaintiff's and Suske's name if plaintiff paid the $500,000 equitable distribution award from his liquid assets, the judge could have held a separate hearing to adjudicate Suske's ownership interest in the Cheyenne Trail property.

Thus, we conclude the judge deprived Suske of her due process rights by adjudicating her interest in the Cheyenne Trail property at the default hearing without providing her with adequate notice and affording her an opportunity to be heard. Suske also argues that the judge erred in considering her deposition testimony in adjudicating the reconsideration motion because it was not introduced at the default hearing and it was not a de bene esse deposition. However, in light of our decision, we need not address that issue.

Reversed and remanded for a hearing consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0333-17T1