ANN S. LAMBROU
*vs.*
ULYSSES G. BERNA

York.    Opinion, February 2, 1959.

*Marcel R. Viger,* for plaintiff.

*Charles W. Smith,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SIDDALL, J. This is a proceeding under the Uniform Reciprocal Enforcement of Support Act (R. S., 1954, Chap. 167), brought by the petitioner against the respondent who lived in Saco in the County of York at the time of the service of the petition. The petition was initiated in the state of Michigan under an act which is similar and substantially the same as our own act. The petitioner alleged in substance that she was married to the respondent in 1945 and that the marriage was dissolved on October 27, 1947. The petition further alleged that "she is the mother and said respondent is the father of Ann, age 10 years, born on the 10th day of December, 1946," and that the respondent owed a duty of support to said child and had failed, neglected, and refused to provide such support. The petition was presented to the Circuit Court of the County of Wayne in Chancery of the State of Michigan and was duly certified by the Judge of that court and transmitted to the Superior Court in and for the County of York for disposition. Service was made on the respondent in this state in accordance

with the order of court and hearing was held. The respondent was represented by counsel at the hearing and participated therein by testifying in his own behalf. No written pleadings were filed by the respondent. In the course of his examination he testified that his name was spelled "Berka" and not "Berna" as alleged in the petition. During the progress of the hearing respondent's counsel requested the court to send the petition back to the initiating state for clarification before proceeding further with the hearing, on the grounds set forth in respondent's Bill of Exceptions. The motion was denied by the court, and exceptions were reserved by the respondent. After hearing, the court found a duty on the part of the respondent to support his minor child Ann and ordered him to pay the sum of $10 per week for such support. The respondent comes to this court on exceptions summarized as follows:

## EXCEPTIONS I

That the Court erred in not granting respondent's motion to return the petition to the initiating state for clarification, for the following reasons:

a. That the petition gave only the Christian name of the dependent for whom support was sought and failed to state her full name.

b. That because the respondent's name was not stated correctly in the petition, coupled with indications of the remarriage of the petitioner, there was a reasonable possibility that the alleged dependent child had been adopted, and that no liability for her support could be imposed on the respondent.

c. That the respondent had no opportunity to examine the petitioner to verify or disprove facts stated in her petition and that he was entitled to have pertinent information and evidence furnished by the initiating state.

### EXCEPTIONS II

That there is no evidence to support the Court's finding of a duty on the part of Ulysses G. "Berna" to support the child Ann because:

a. The evidence shows the respondent's true and correct name to be "Berka" and not "Berna," and that the only inference which can be drawn from the decree is that the child's name is Ann Berna and that there is no evidence to support such a finding.

b. That there is no evidence to support the finding that the respondent failed, neglected, and refused to provide such support for the dependent Ann in the petition.

c. That the Court failed to consider the standard of living and situation of the parties, the relative wealth and income of the parties, and the responsibility of the obligor for the support of others.

At the time of arguments in the Law Court, the respondent made further claim, not discussed in his brief, that the petition should be dismissed on the ground that it fails to show that the petitioner had the legal custody of the alleged minor dependent at the time the petition was brought.

The respondent was undoubtedly incorrectly designated in the petition. It is apparent, however, that he was the person intended to be named in the petition, that he was the person upon whom the service was made, and that he was at one time the husband of the petitioner, and he makes no claim otherwise. He does not raise the issue of misnomer as to his *own* name. In proceedings for the enforcement of a decree in situations such as this, the petitioner undoubtedly would consider it desirable to identify the respondent by his true name and further show that the order was obtained against him under another name.

The Uniform Reciprocal Enforcement of Support Act is of recent origin and many confusing questions of interpretation and procedure have not been resolved by judicial determination. The act is designed to enable a dependent in one state to initiate proceedings in the state of his domicile for the purpose of securing money for support from a person residing in another state who is legally liable for the support of such dependent. See *Rosenberg* v. *Rosenberg,* 152 Me. 161, 125 A. (2nd) 863; *Smith* v. *Smith,* 125 Cal. App. 154, 270 P. (2nd) 613; *Keene* v. *Toth,* 141 N. E. (2nd) 509 (Mass.).

The law is remedial in nature and is to be construed liberally with reference to the object to be obtained, and every endeavor should be made by the courts to render the act operable. See *State of Ill. ex rel. Shannon* v. *Sterling,* 80 N. W. (2nd) 13 (Minn.); *Daly* v. *Daly,* 39 N. J. Super. 117, 120 A. (2nd) 510; *Shaffer* v. *Shaffer,* 175 Pa. Super. 100, 103 A. (2nd) 430.

These general principles are to be considered in examining the claims of the respondent.

We consider first the respondent's contention that the petition should be dismissed because it fails to show that the petitioner had the legal custody of the alleged dependent at the time of filing the petition. The respondent cites the case of *Mahan* v. *Read,* 240 N. C., 641, 83 S. E. (2nd) 706, as authority for his contention that the petition should be dismissed on this ground. In that case the petition was initiated by a former wife of the respondent, in the state of Arkansas, against the respondent, a resident of North Carolina, for the support of two children of the petitioner and respondent. The Arkansas act contained the following provision: "A petition in behalf of a minor obligee may be brought by a person having legal custody of the minor without appointment as guardian *ad litem.*" No determina-

tion of legal custody was alleged or shown. This provision was not in the act of the responding state, North Carolina. The North Carolina law provided that in an action in which any of the parties plaintiff are infants, suit must be brought in the *name of such infants and in their behalf* by general or testamentary guardian or by duly appointed next friend. The North Carolina court held that the rights of the parties are determined in the court having jurisdiction of the respondent (North Carolina), and the cause in that court must be so constituted as to conform to the laws of North Carolina, and the suit not having been brought in the name of the minors as required by law that there was a fatal defect of parties plaintiff.

The Maine act contains the following provision: R. S., 1954, Chap. 167, Sec. 12. "A petition *on behalf* of a minor obligee may be brought by a person having legal custody of the minor without appointment as guardian *ad litem*." (Emphasis ours.)

Our act, unlike the North Carolina act, does not require the petition to be brought *in the name of* the dependent. It is sufficient that the petition be brought *on behalf* of such dependent. The rights of the parties are determined by the law of this state, our court having jurisdiction of the respondent. See *Mahan* v. *Read, supra.* An analysis of the petition clearly indicates that it was brought on behalf of an alleged minor dependent, born during wedlock, by the mother of such dependent against its alleged father. Under the provisions of R. S., 1954, Chap. 166, Sec. 16, the father and mother are the joint natural guardians of their minor children and are jointly entitled to their care, custody, and control. It is true that there is no allegation in the petition that the petitioner had the legal custody of the minor, but the respondent failed to raise the question of the capacity of the petitioner until after hearing and decree of court. The court had jurisdiction of the subject matter

of the petition and obtained jurisdiction of the person of the respondent when he appeared generally and participated in the hearing. Our coūrt in the case of *The Rundlett Co.* v. *Morrison,* 120 Me. 439, 443, 115 A. 247, held that a plea of general issue admitted the capacity of the plaintiff to sue. For a discussion of the same principle, see 39 Am. Jur. 979; 67 C. J. S. 1111. The principle of law involved in the determination of the respondent's claim is not dissimilar to that set forth in *The Rundlett Co.* v. *Morrison, supra.* By appearing generally and participating in the hearing without objecting to the capacity of the petitioner to bring the petition, the respondent waived any right to raise this issue later. It is now too late for him to claim want of capacity on the part of the petitioner.

Under respondent's Exceptions I he contends that the court below erred in not returning the petition to the initiating state for clarification because the petition gave only the Christian name of the alleged dependent and failed to state her full name. The Maine act provides that the petition "shall state the name and, so far as known to the petitioner, the address and circumstances of the respondent and his dependents for whom support is sought. . . ." R. S., 1954, Chap. 167, Sec. 10. The petition clearly indicates that the child Ann was the child of the petitioner and of the respondent named in the petition as Ulysses G. Berna, and that the child was born to the petitioner during the time she was married to the respondent. Although the child's last name was not specifically given, the petition was in compliance with the statute insofar as the name of the child was concerned. If the case should reach the point in which a petition to enforce a decree becomes necessary, good practice might indicate the desirability of naming the dependent under her true name as well as the name given in the petition filed in this case. The court below undoubtedly in his discretion had the authority to return the petition to the

initiating state for correction in this respect, but his refusal to do so does not constitute an abuse of discretion.

The respondent further claims under his Exceptions I that due to the fact that his name was not stated correctly in the petition, coupled with the apparent remarriage of the petitioner, that there was a reasonable probability that the child had been adopted, and that no liability for her support could be imposed upon the respondent. We cannot accede to respondent's views in this respect. The only reasonable inference which can be drawn from the allegations in the petition is that the petitioner and respondent are the parents of the alleged dependent who was born of their marriage. There was no abuse of discretion on the part of the court below in refusing to return the petition to the initiating state for clarification in respect to this claim of the respondent.

The respondent also claims under his Exceptions I that the court erred in not granting his motion to return the petition for clarification because he had no opportunity to examine the petitioner to verify or disprove facts stated in the petition, and that he was entitled to have pertinent information and evidence furnished by the initiating state. We have already ruled that the court's action in not returning the petition for the reasons stated by the respondent at the time of the request was not an abuse of discretion. Whether the court had the right to consider the petition as evidence of the truth of the allegations contained therein will be considered in our examination of respondent's Exceptions II.

Under respondent's Exceptions II he claims that there was no evidence to support the court's finding of a duty on the part of Ulysses G. Berna to support the child Ann. The Maine act provides as follows: "If the court of the responding state finds a duty of support, it may order the respond-

ent to furnish support or reimbursement therefor and subject the property of the respondent to such order." (R. S., 1954, Chap. 167, Sec. 19. Under this provision of the statute the court before making a valid order must find a duty on the part of the respondent to support the dependent. The finding of the court must be based upon evidence given at the hearing of the case. See *Pfueller* v. *Pfueller*, 37 N. J. Super. 106, 117 A (2nd) 30 (1955). The allegations in the petition are made in the initiating state without notice to the respondent and without an opportunity for cross-examination on his part, and, although necessary for the purpose of bringing the case before the proper court of the initiating state for transmission to the responding state, are not admissible as evidence in proof of such allegations. They amount to nothing more than inadmissible *ex parte* statements. In *Carpenter* v. *Carpenter*, 231 La. 638, 92 S. (2nd) 393, the court says:

> "When, in his answer, he [respondent] denied liability for the alimony herein sought a duty devolved upon plaintiff to prove her claim with legal evidence as in ordinary suits, that is, by means of oral testimony, interrogatories, depositions, etc., with the defendant having the right to cross examine the witnesses. Yet this plaintiff introduced only and she relied wholly on the testimony given by her during the hearing before the California court, at which the defendant was not cited to appear and hence had no opportunity for cross examination; and it amounted to nothing more than an inadmissible ex parte statement. Therefore, we are compelled to set aside the judgment appealed from and to remand the case to the Family Court for the purpose of receiving legal evidence respecting the issues created by the petition and answer. Thereafter, that court shall render such judgment as the evidence and the law warrant."

An examination of the testimony of the respondent discloses that upon his return from oversea service on March

21, 1946, he lived with the petitioner for five or six weeks. He then returned to Maine and neither saw nor heard from the petitioner afterwards. According to his testimony the only information that came to his attention that the petitioner had given birth to a child was through a letter received by someone other than himself. The petition alleges that the child Ann was born on December 10, 1946, but this allegation cannot be considered as evidence of that fact. There was no other evidence relating to the birth of the child. We find that there was no evidence of probative force to justify a finding that a child was born to the petitioner on December 10, 1946. Consequently, there was no basis for a finding of a duty of support on the part of the respondent.

The hearing below was conducted by the justice with care, but in reaching his findings he must have considered the allegations contained in the petition as evidence. The respondent is entitled to a new hearing and his exceptions are allowed.

What is the procedure to be followed by the courts of this state when confronted with a situation in which the respondent either denies dependence, or, as in the instant case, claims to have no knowledge of the birth of an alleged dependent child, and the petitioner is not present to testify? In the typical court hearing the plaintiff and his witnesses testify first, and then the defendant and his witnesses testify, and afterwards the plaintiff has an opportunity to rebut the evidence given by the defendant. In hearings under the act, however, this order is often reversed. The petitioner is rarely present in court, and if not, the respondent testifies first. The petitioner should then have an opportunity to testify, and respondent should have the privilege of rebuttal.

In *Pfueller* v. *Pfueller, supra,* the court said:

"Where, as here, the defendant does not admit the charge of desertion, either expressly or impliedly,

> the court has open to it two alternative courses of procedure. First, if it is feasible for the wife to appear personally (her residence is fairly near the court in this case), notice can be given to her through the initiating court (perhaps also to her directly by mail) to appear at a specified time, at which time the responding court may take her testimony and such further testimony of the defendant (he having been subpoenaed for the occasion) as may be called for.
>
> Second, if it is not feasible for her to appear personally in court, her deposition may be taken in a civil action in the Superior Court."

Proceedings in this state under the act are ordinarily conducted without the benefit of formal pleadings on the part of the respondent. In many cases, perhaps in most cases, a duty of support may be determined by the testimony of the respondent. In some cases, however, the respondent in his testimony denies dependency. In the present case the respondent claims a lack of knowledge of the birth of an alleged dependent. In such cases, bearing in mind the purposes of the act, a similar proceeding to that set forth in *Pfueller* v. *Pfueller, supra,* may be followed. The court on his own motion, or upon motion of the attorney or official representing the petitioner (in this case the County Attorney), in the absence of some good reason to do otherwise, may continue the case for the purpose of allowing the petitioner to present evidence of dependency, either by appearing personally or by presenting a deposition taken according to law after notice to the respondent and an opportunity on his part to cross-examine the deponent.

The entry will be

> *Exceptions sustained. Case remanded to the Superior Court for the County of York for a new hearing.*