STATE OF NEVADA, Ex Rel. ANNA MARIE LYON, APPELLANT, *v.* LESTER DAVID LYON, RESPONDENT.

No. 4167

November 30, 1959          346 P.2d 709.

*William J. Raggio,* District Attorney, *John H. Mathews,* Assistant District Attorney, of Reno, for Appellant.

*Maurice J. Sullivan,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from the judgment decreeing that respondent does not owe appellant a duty to support her.

Under the Uniform Reciprocal Enforcement of Support Act (NRS 130.010–130.300) a petition was filed in the court below on behalf of appellant praying that the court find a duty upon the part of respondent to support appellant and to order respondent to support her. California was the initiating state.

The only record before this court is an "agreed statement" dated November 4, 1958, signed by the attorneys for appellant and respondent, which recites the marriage of the parties in 1930, a California decree of separate maintenance in 1949 wherein the defendant (respondent herein) personally appeared, a Nevada default decree of divorce on December 1, 1954 granted to respondent based upon substituted service (personal service on the appellant in California), and a contempt hearing in California wherein the California court denied recognition of the Nevada divorce on a finding that respondent's residence in Nevada was not bona fide. As a further fact it recites that "on the 19th day of October 1954, respondent Lester David Lyon, established residence in the State of Nevada, and has continued to reside in the State of Nevada to the present time."[1]

The "agreed statement" concludes as follows:

"The matter was heard before the Honorable Gordon W. Rice, District Judge, evidence was presented by both parties, the matter was argued and submitted, and the Court, on the 3rd day of July 1958, entered its order finding that the respondent does not owe Anna Marie Lyon a duty to support, and ordered that respondent need not pay support to Anna Marie Lyon, and dismissed respondent."

In the case of Pfueller v. Pfueller, 37 N.J.Super. 106, 117 A.2d 30, 32, it was pointed out that the initiating

---

[1] This recital is evidential of respondent's bona fide residence in Nevada.

state cannot fix the liability of the obligor in the responding state. In this regard the New Jersey court said:

"In effect it (the finding of the court in the initiating state) amounts merely to a finding that the allegation of the complaint warrants further proceedings; it is in no way evidentiary as to defendant's liability."

It is apparent from the agreed facts that the initiating state in one proceeding found that the respondent's residence in Nevada was not bona fide and thus the Nevada divorce based thereon was invalid, while on the other hand the counsel herein have stipulated that respondent has continued to be a resident of Nevada ever since October 19, 1954, the day he established his Nevada residence. The "agreed statement" consisting of stipulated facts is evidentiary matter.

"* * * it is the obligation, not of the initiating court, but of the court in the responding state, to determine whether or not the defendant spouse is under a duty to support the plaintiff spouse; and such determination may be made by the latter court only upon the basis of evidence adduced before that court * * *." Pfueller v. Pfueller, supra.[2]

We do not know what evidence in addition to said "agreed statement" was considered by Judge Rice in the court below which resulted in his conclusion "that the respondent does not owe Anna Marie Lyon a duty to support," and in the absence thereof we must assume that the lower court's conclusion was supported by competent evidence.

Affirmed.

---

[2]Not only the facts but also the sufficiency of the petition are determinable by the responding state. Manis v. Genest, 210 Ga. 16, 77 S.E.2d 525.