259 So.2d 673

**Henry Jones O'HARA, Jr.**

v.

**Barbara FLOYD.**

**6 Div. 124.**

Court of Civil Appeals of Alabama.

March 15, 1972.

Parker, Wilkinson & Gwin, Birmingham, for appellant.

Earl C. Morgan, Dist. Atty., Tenth Judicial Circuit, of Ala., Birmingham, for appellee.

WRIGHT, Judge.

This action was initiated in the Superior Court of the State of California for the County of Los Angeles under the provisions of the Uniform Reciprocal Enforcement of Support Act.

Upon the filing of a verified petition by petitioner, Barbara Floyd, the California court made a finding that defendant, Henry Jones O'Hara, Jr. owed a duty to support the two children named in the petition. The petition and finding were certified to the Circuit Court of Jefferson County, Alabama, where it was docketed, hearing set and order entered directing service of the petition and order upon the defendant. Such action was taken in Alabama under the provisions of the Alabama Reciprocal Support Act, Title 34, Sections 105-122, Code of Alabama 1940, as amended. The Alabama act is in most respects similar to the California act.

Upon service of the petition and notice of hearing, defendant appeared and filed an answer. By his answer, defendant admitted some of the allegations of the petition and entered a general denial of the others. There was no affirmative defense entered, but no exception was taken to the form of the answer.

Upon the hearing, the district attorney representing the petitioner, submitted on the verified petition and the defendant upon his answer. There was discussion between the court and counsel as to the absence of precedent in this State concerning the sufficiency of the verified petition to support a decree against the defendant.

Upon submission to the court of the verified petition, defendant moved to exclude and asked that a judgment be entered in favor of defendant for failure of proof. The court overruled the motion to exclude and entered a decree of support against defendant.

The issue presented is whether a verified complaint which has been denied by answer is sufficient, without proof, to support a judgment or decree for support under the Alabama Reciprocal Support Act. This issue has not been heretofore presented to the appellate courts of Alabama.

In 1951, Alabama adopted substantially the Uniform Reciprocal Enforcement Support Act. It was enacted to improve and extend the enforcement of duties of support and to make uniform the laws of the adopting states with respect thereto. Title 34, Section 105, Code of Alabama 1940, as amended. The civil proceedings authorized by the act are designed to provide a simplified, fair and convenient way to cause those who are obligated to support their minor children to do so without having to be extradited to another state. The act is remedial in nature and should be liberally construed to achieve its object. 42 A.L.R.2d 761.

The act provides that a petition shall be filed in the initiating state. The petition

shall be verified and contain certain specific information. If the court of the initiating state finds that the petition contains facts from which it may be determined that the defendant owes a duty of support and that the responding state may obtain jurisdiction of the defendant or his property, it shall so certify and cause copies of the petition, its certificate, and the act to be transmitted to the responding state.

When the court of the responding state receives the aforesaid copies, it shall docket the cause, notify the district attorney, set a time and place for a hearing and proceed to obtain jurisdiction of the defendant according to the laws of the state, as in all other cases. Upon obtaining jurisdiction, the cause proceeds as any other case.

If the defendant appears and files answer denying or traversing the allegations of the petition, the duty is upon petitioner to prove her claim with legal evidence as in any other case. The act provides such evidence may be obtained by interrogatories or depositions taken either in or out of the responding state. Of course, any other legal evidence may be offered.

The primary matter for proof is that the respondent owes a duty of support. The determination of such duty is made by the court of the responding state, not the court of the initiating state. Title 34, Section 117. The initiating state only examines the verified petition to determine if, from the matters contained therein, such duty is capable of being determined. The verified petition is not proof of such facts, as the matters contained therein were entered ex parte, without opportunity for cross examination, and thus are inadmissible as legal evidence. The finding of the court as to a duty to support must be based upon evidence given at the hearing of the case. Lambrou v. Berna, Me., 148 A.2d 697; Neff v. Johnson, 391 S.W.2d 760 (Tex.Civ.App.); Carpenter v. Carpenter, 231 La. 638, 92 So.2d 393.

For guidance in future cases we consider the proper procedure, in the event of answer by respondent denying the material matters of the petition, to require the hearing to be continued for the taking of legal evidence in proof thereof. The court may direct the taking of testimony by interrogatories or by depositions. If upon the coming in of such evidence it appears that respondent has no defense, and the answer was for purposes of delay, the cost of securing evidence in proof of the petition may be charged to the respondent.

For failure of proof of the petition, the decree of the trial court must be set aside and the cause remanded for further proceedings.

Reversed and remanded.