CAROL BARRINGER, PETITIONER v. REECE DAUGHTON
BARRINGER, JR., RESPONDENT

No. 7419DC817

(Filed 4 December 1974)

**Parent and Child § 10— Uniform Reciprocal Enforcement of Support Act — ability to provide support — failure to exercise earning capacity**
 Proceeding under the Uniform Reciprocal Enforcement of Support Act is remanded for a hearing on respondent's ability to provide support; if the award is based on respondent's capacity to earn rather than his actual earnings, there should be a finding based on competent evidence that respondent is failing to exercise his capacity to earn in disregard of his parental obligation to provide support for his children.

APPEAL by respondent from an order entered by *Warren, District Court Judge,* 11 June 1974 Session of District Court held in CABARRUS County.

*Attorney General James H. Carson, Jr., by Assistant Attorney General William Woodward Webb for the State.*

*Davis, Koontz & Horton by Clarence E. Horton, Jr., for respondent appellant.*

Phillips v. Mills, Inc.

VAUGHN, Judge.

This is a proceeding under the Uniform Reciprocal Enforcement of Support Act. The proceeding was initiated in California when petitioner filed the complaint on behalf of three minor children of the parties. In a proceeding filed under this Act the verified complaint is admissible as prima facie evidence of the facts stated therein. G.S. 52A-19.

The complaint in this proceeding is sufficient to establish the needs of the children but is silent as to the ability of either of the parties to provide support. The only evidence offered at trial was from respondent who testified that he had been forced to resign from the job he held in California and had been unable to obtain employment since that time. He testified that he had been promised a job unloading freight in Charlotte. The record is silent as to when that employment might start or what respondent would earn. There was no other evidence relating to respondent's estate, earnings or capacity to earn.

For the reasons stated the order must be reversed. The case is remanded for a hearing on respondent's ability to provide support. If the award is based on respondent's capacity to earn rather than his actual earnings there should be a finding, based on competent evidence, that respondent is failing to exercise his capacity to earn in disregard of his parental obligation to provide support for his children. *Conrad v. Conrad,* 252 N.C. 412, 113 S.E. 2d 912.

Reversed and remanded.

Judges CAMPBELL and MORRIS concur.