(629 P.2d 745)
No. 50,927

LORETTA MOSSBURG, and the STATE OF UTAH, by and through UTAH STATE DEPARTMENT OF SOCIAL SERVICES, OFFICE OF RECOVERY SERVICES, *Plaintiffs-Appellees,* v. CARL D. COFFMAN, *Defendant-Appellant.*

Opinion filed June 12, 1981.

*F. G. Manzanares,* of Topeka, for appellant.

No appearance for appellees.

Before ABBOTT, P.J., SWINEHART and MEYER, JJ.

ABBOTT, J.: This is an appeal by the defendant, Carl D. Coffman, from a summary judgment entered against him in the amount of $1,387 in a proceeding under the Uniform Reciprocal Enforcement of Support Act (URESA), K.S.A. 23-451 *et seq.*

Defendant's complaint is that the trial court erred in granting summary judgment in favor of plaintiffs, Loretta Mossburg and the State of Utah, and against Mr. Coffman, because plaintiffs had not filed a motion for summary judgment and material issues of fact remained in controversy. Defendant also argues that the court erred in denying his motion for summary judgment. The State has elected to file no brief.

The operative facts in this case are not in dispute. The question before us is one of law. Carl D. Coffman was formerly married to Loretta Mossburg. They are the parents of Kenneth Eugene Coffman, who was born September 23, 1962. It appears that Loretta has moved from state to state. She obtained a divorce from

Carl in California on November 4, 1971. The final decree reflects it was mailed to her in Pennsylvania. Carl denies any knowledge of the California divorce. He obtained a divorce in Shawnee County, Kansas, in the early 1970's by publication service, and we are informed that the Shawnee County decree does not provide for child support. The only California pleading (notice of entry of judgment) attached to the petition in this case gives no information concerning dependents, alimony or child support.

The State of Utah furnished support for Kenneth during part of 1976 and 1977 totaling $1,387. Utah took an assignment from Loretta of her rights to alimony and child support, and that assignment is attached to the Utah petition. A Utah trial judge found that an order of reimbursement should be entered by Kansas in an amount that is fair and reasonable.

Coffman's answer consisted of a general denial, and he specifically denied any duty to pay support. He then filed a motion for summary judgment, a memorandum of law in support of his motion for summary judgment, and his own affidavit. The trial court denied Coffman's motion for summary judgment and entered judgment in the amount of $1,387 on behalf of the plaintiffs.

In our view, the real question in this case is how do the plaintiffs prove the duty of support in a manner that satisfies the requirements of URESA? Scrutiny of the Kansas version of URESA reveals two methods. K.S.A. 23-470 provides:

"If the obligee is not present at the hearing *and the obligor denies owing the duty of support* alleged in the petition or offers evidence constituting a defense the court, upon request of either party, may continue the hearing to permit evidence relative to the duty to be adduced by either party by deposition or by appearing in person before the court. The court may designate the judge of the initiating court as a person before whom a deposition may be taken." Emphasis supplied.

In essence, this first method of proof provides for the live testimony of the obligee or the obligor, the deposition of either of them, or any other evidence relevant to the duty to support. See ·Peggs, *Procedure and Defenses Under the Kansas Uniform Reciprocal Enforcement of Support Act of 1970*, 46 J.B.A.K. 233, 235 (1977). The second method is provided for in K.S.A. 23-484 and permits registration of foreign support orders that provide the necessary proof.

In the case at hand, neither of these two methods of proof was utilized. Although Coffman clearly denied the existence of any

duty to support, the judge summarily granted judgment against him without hearing any evidence on the matter and without the plaintiffs having been given notice and an opportunity to be heard. Furthermore, no foreign support order has been registered in Kansas as of this time. It appears the trial court may have equated the certificate of the initiating court with the support order; however, the two are distinguishable. The certificate of the initiating court merely states that the facts pleaded in the verified petition filed by the plaintiff in the initiating state allege a duty of support on the part of the defendant in the responding state. This certificate is not a support order from the initiating state. In *State ex rel. Lyon v. Lyon,* 75 Nev. 495, 346 P.2d 709 (1959), the court, citing *Pfueller v. Pfueller,* 37 N.J. Super. 106, 117 A.2d 30 (1955), stated:

" 'In effect it (the finding of the court in the initiating state) amounts merely to a finding that the allegation of the complaint warrants further proceedings; *it is in no way evidentiary as to defendant's liability.*' " p. 497, emphasis supplied.

In *Pfueller,* a URESA action was brought in New Jersey based on a certificate filed by Pennsylvania as the initiating state. The court held:

"The New Jersey court held that its only responsibility was to ascertain whether plaintiff was the wife of the defendant; that the Philadelphia court had 'determined the duty of this man to pay before they sent the complaint to us.'

"This is an obvious misconception. The statute, N.J.S.A. 2A:4-30.11, in this respect identical with the uniform act, *sec.* 13, places upon the court in the initiating state the duty merely of finding whether the complaint 'sets forth facts from which it *may* be determined that the defendant owes a duty of support.' (Italics inserted.) Indeed the finding of the Philadelphia court in this case is stated in quite similar terms.

"Professor Brockelbank, chairman of the committee which prepared the uniform act for the National Conference of Commissioners on Uniform State Laws, has said of the finding of a court in an initiating state: 'This is not a finding that the defendant owes the duty. The court of the initiating state at that stage could not so find, for the defendant is not before the court.' Brockelbank, 'Is the Uniform Reciprocal Enforcement of Support Act Constitutional?' 17 *Mo. L. Rev.* 1, 12 (1952)." 37 N.J. Super. at 108.

In *O'Hara v. Floyd,* 47 Ala. App. 619, 622, 259 So.2d 673 (1972), the court held:

"The primary matter for proof is that the respondent owes a duty of support. The determination of such duty is made by the court of the responding state, not the court of the initiating state. Title 34, Section 117. The initiating state only examines the verified petition to determine if, from the matters contained therein,

such duty is capable of being determined. The verified petition is not proof of such facts, as the matters contained therein were entered ex parte, without opportunity for cross examination, and thus are inadmissible as legal evidence. The finding of the court as to a duty to support must be based upon evidence given at the hearing of the case."

See also *Lambrou v. Berna,* 154 Me. 352, 361-62, 148 A.2d 697 (1959).

The case at hand presents precisely the same issue to this court. The only documents in the responding state, Kansas, are the verified petition, the certificate of the Utah court, and a copy of a pleading from California that contains no mention of a duty to support either in the form of alimony or of child support. No evidence was before the court concerning Coffman's duty to support or his ability to pay. The trial court erred in granting summary judgment, and the case is remanded to the district court for further proceedings in harmony with this opinion.

Reversed and remanded with directions.