**STATE of Tennessee, ex rel. Martha M. IVORY, Plaintiff-Appellee,**

v.

**Andrew LEWIS, Defendant-Appellant.**

Court of Appeals of Tennessee,
Western Section.

Sept. 21, 1983.

Rehearing Denied Oct. 12, 1983.

Application for Permission to Appeal
Denied by Supreme Court
Nov. 28, 1983.

John C. Nowell, Jr., Trenton, for defendant-appellant.

Richard L. Colbert, Nashville, for plaintiff-appellee.

NEARN, Presiding Judge, Western Section.

This appeal is from a judgment for child support entered in proceedings had under Chapter 9 of Title 36 of the public acts, commonly referred to as the Uniform Reciprocal Support Act.

In April 1979, Martha Ivory filed a complaint in Elkhart, Indiana, under a Reciprocal Support Act of that state. The complaint alleged that Andrew Lewis, a resident of the State of Tennessee was the father of two of her children—Kimberly Ivory born October 18, 1973, and Marlon Ivory born November 11, 1975. The sworn complaint also alleged "parties have never been married. Respondent was adjudicated the father of both children on February 9, 1979, in the Elkhart Superior Court No. 2, IV–d AFDC case."

The Elkhart Court before which the Reciprocal Support actions were filed made no determination of the truthfulness of the facts alleged nor determined any duty of support in the order transferring the mat-

ter to this state. That order simply provides that the complaint sets forth facts from which it *may* be determined that the defendant owes a duty of support. This was proper procedure. See T.C.A. § 36–913.

After service was had upon the defendant in this state by process issued out of the Circuit Court of Gibson County, defendant answered. In that answer defendant denied he was the father of the two named children, denied having received service or notification of any proceeding in any Court in Indiana and prayed that the "cause be reopened under the defendant's plea of not guilty" and that the parties and children submit to blood grouping tests.

At this point we deem it proper to set out the nature of these proceedings and the procedure thereunder as it is evident that there is some misunderstanding by counsel. First, this is not a "bastardy" proceeding as indicated by counsel for defendant in his brief. It is a proceeding under the Reciprocal Support Act. Second, there is no case to "reopen" as at the time the answer was filed nothing was "closed" insofar as this petition was concerned. This is not a proceeding under T.C.A. § 36–929 as there is no foreign judgment ordering defendant to pay support. The Uniform Reciprocal Support Act in this instance provides for a hearing on the petition in the state where the defendant is found. No hearing as such is held in the initiating state. The Judge of the initiating state simply examines the petition and determines that it is not subject to demurrer, i.e., facially, it states a cause of action. Then it is transferred to the responding state for a trial on the issues presented. The petition arrives in this state with "a presumption of the truthfulness of the facts alleged therein and prima facie evidence of the liability of the respondent

and shall shift the burden of proof to such respondent." T.C.A. § 36–919. In short, it is an ordinary trial in this state as if the petition had been filed in this state except that the burden is on the defendant to disprove the allegations.[1]

From the proof adduced in this case the Trial Judge found that the defendant did not owe a duty of support for the child Marlon Ivory, but did owe a duty of support for the child Kimberly Ivory and fixed that duty of support at $15.00 per week.

Counsel for appellant raises issues three in number. Collectively, they raise the single issue of whether the evidence preponderates against the finding of the Trial Judge that the defendant failed to disprove the allegations of the petition regarding the duty of support owed Kimberly Ivory. The petitioner, acting through the Tennessee Department of Human Services and represented by the State Attorney General, makes no complaint regarding the finding of the Trial Court that there was no duty of support as to the child Marlon.

The defendant adduced unrebutted proof that the blood tests that were given to the parties and the children showed that it was impossible for him to be the father of Marlon Ivory but that he could not be excluded as the father of Kimberly Ivory and that plausibility of paternity as to Kimberly on a Plausibility of Paternity scale was 95.4%. However, medical proof was introduced to show that in 1979 defendant was examined and a semen analysis taken which examination showed a history of an undescended testicle on the right side for which he underwent partial orchiopexy and herniorrhaphy at age 20 and physical examination showed that testicle to be "palpable high in the scrotum" and physical examination of the left testicle revealed a varicocele on the

1. If the petitioner were a resident of this state and filed a petition for child support, she would have had the burden of proving that which she alleged. Since she is a resident of another state she is relieved of that burden and the burden is placed upon a resident of this state who ordinarily would not have such burden and has it only because the petitioner is a non-resident. We wonder about that in view of

Section 1 of the Fourteenth Amendment to the Constitution of the United States and Article 11, Section 8 of the Tennessee Constitution, but since neither party has raised any constitutional issues and we have no briefs on that point to aid us and being disinclined at this time to independently research the matter, we, for now, will just continue to wonder.

left with an atrophic left testicle. His sperm count was at zero.

In a motion to amend the judgment the defendant also showed by statement from a physician who examined the defendant on December 28, 1973, that at that time he had a sperm count of zero and was sterile. The Trial Court considered the doctor's statement but failed to alter its judgment.

■ We are of the opinion that the evidence preponderates against the finding of the Trial Judge as to the child Kimberly and that the defendant carried the burden placed upon him by T.C.A. § 36–919.

■ It must be remembered that the allegations of the petition are just that—allegations—albeit accompanied by a presumption of truthfulness. Even the allegation regarding a prior adjudication is just that—an allegation. Absent more, such allegation is not entitled· to constitutional full faith and credit privileges as if it were a proven foreign judgment. This record is void of any certified copies of any such alleged judgment. The proof is gin clear that the defendant did not father the child Marlon Ivory. There is no delicate way to put it. Either the petitioner lied in her sworn petition or is mistaken as to which of her lovers she was with on a particular occasion. The presumption of truthfulness which accompanied the petition is, ·at this point insofar as this Court is concerned, seriously cracked if not shattered. Coupled with that is the showing that just two months after Kimberly was born the defendant was sterile. The sterility did not arise because of injury or accident but appears to be from a congenital defect. Counsel for the State argues that because the defendant did not have proof of a medical examination showing sterility prior to the time of conception of Kimberly he has failed to carry the burden of proof imposed by T.C.A. § 36–919. We disagree. The burden imposed by the statute is not one to prove a fact to a moral certainty and beyond a reasonable doubt. It merely shifts the ordinary burden of proof from the plaintiff to the defendant. We are of the opinion that the preponderance of the proof requires a finding that the defendant is not the father of the child Kimberly and must be in the 4.6 percentage of the Plausibility of Paternity scale.

Accordingly, we affirm the judgment below that defendant owes no duty of support to Marlon but reverse the judgment below as to the child Kimberly and hold that defendant owes no duty of support for that child.

Costs below and of appeal are adjudged against appellee.

Done at Jackson in the two hundred and eighth year of our Independence and in the one hundred and eighty-eighth year of our Statehood.

CRAWFORD and HIGHERS, JJ., concur.

ORDER ON PETITION TO REHEAR

A late filed petition for rehearing has been received by the Clerk of this Court from plaintiff-appellee and accordingly will not be considered by the Court.