COUNTY OF STANISLAUS,
Plaintiff-Appellant,

v.

Lloyd Alvie PRATT,
Defendant-Respondent.

No. 13689.

Missouri Court of Appeals,
Southern District,
Division Three.

March 28, 1985.

N.E. Brown, Gen. Counsel Div., Dept. of Social Services, Jefferson City, for plaintiff-appellant.

Joseph P. Fuchs, Dempster, Fuchs & Barkett, Sikeston, for defendant-respondent.

PREWITT, Chief Judge.

Appellant brought an action under Chapter 454, the Uniform Reciprocal Enforcement of Support Law. It alleged that it is a "political subdivision of the State of California, which has expended welfare monies for the support" of two minor children of defendant. It sought $3,952 from respondent. No prior support order is alleged. Respondent answered, denying each allegation of the petition and otherwise denying any liability to appellant.

The cause was then set for hearing. Appellant was represented by the assistant prosecuting attorney of Scott County, and respondent appeared in person and by his attorney. At the hearing the judge dismissed the petition with prejudice. The order recited the reasons for the dismissal were "the Petitioner not appearing in person and no evidence in support of Petitioner's petition being adduced". The record does not show that any evidence was presented or that a request for a continuance was made.

Appellant's points relied on, not including its citations, state:

### I.

The trial court erred in dismissing the petition herein because the petitioner was not required to be present at the hearing in that the trial court was required to continue the hearing to permit evidence relative to the duty of support to be introduced by deposition or by appearing in person in court.

### II.

The trial court erred in dismissing the petition herein because the petitioner was not required to be present at the hearing in that respondent did not deny owing the duty of support nor did respondent offer evidence constituting a defense.

In its brief appellant summarizes its contentions, stating "Missouri statutes require that, if a defense is raised, the cause be continued for evidence. No defense was raised, so judgment for petitioner should have been entered. However, if a defense had been raised, a continuance was required."

■ Respondent counters that the trial court properly dismissed the petition because no evidence was presented in support of it. We conclude that he is correct.

Obviously, appellant could not appear and we presume that the trial judge expected some representative to appear in its behalf, other than the assistant prosecuting attorney, to prove its allegations. Why appellant would be compelled to have any other representative is not apparent in the record. Of course, ordinarily to be successful the moving party would have to present proof of its allegations.

Appellant primarily relies on § 454.200.1, RSMo Supp.1984. It states:

If the obligee is not present at the hearing and the obligor denies owing the duty of support alleged in the petition or offers evidence constituting a defense, the court, upon the request of either party, shall continue the hearing to permit evidence relative to the duty of support to be introduced by either party by deposition or by appearing in person before the court. The court may designate the judge of the initiating court as a person before whom a deposition may be taken.

■ This section indicates that if a defendant does not contest the allegations then they are to be taken as true. It does not make them prima facie correct if there is a contested hearing. Had the section intended to make the allegations presumptively true or to place the burden of proof on the defendant, thus changing the usual rule, it could have easily done so. As no request for a continuance was made, the trial court did not have to order one.

The parties do not cite us to any cases discussing the manner or order of proof required under the Uniform Reciprocal Enforcement of Support Law. Our research indicates that most courts hold that the plaintiff has to prove its allegations as is ordinarily the case and that the allegations of the petition or the initiating state's findings do not provide prima facie proof. See *O'Hara v. Floyd,* 47 Ala.App. 619, 259 So.2d 673, 675 (1972); *Mossburg v. Coffman,* 6 Kan.App.2d 428, 629 P.2d 745, 747–748 (1981); *City and County of San Francisco v. Juergens,* 425 So.2d 992, 996 (La. App.1983); *Freano v. Rosenbaum,* 399 So.2d 758, 760 (La.App.1981); *Lambrou v. Berna,* 154 Me. 352, 148 A.2d 697, 702 (1959); State ex rel. *Lyon v. Lyon,* 75 Nev. 495, 346 P.2d 709, 710 (1959) (thereafter modified by statute); *Pfueller v. Pfueller,* 37 N.J.Super. 106, 117 A.2d 30, 32 (1955); *Way v. Fisher,* 425 S.W.2d 704, 705 (Tex. Civ.App.1968) (thereafter modified by statute).

*State of Minnesota v. Doty,* 326 N.W.2d 74, 78 (N.D.1982) states: "Most courts which have addressed similar issues also appear to give *prima facie* effect to the initiating court's certification." However, the cases on which it relies do not support that statement except where a statute has modified the usual manner or order of proof or there is a support order issued by another court. In the latter instance § 454.200.2, RSMo Supp.1984 provides:

If the action is based on a support order issued by another court, a certified copy of the order shall be received as evidence of the duty of support, subject only to any defenses available to an obligor with respect to paternity or to a defendant in an action or a proceeding to enforce a foreign money judgment.

In some states by statute the petition is taken as true unless the defendant proves otherwise. See *Barringer v. Barringer,* 24 N.C.App. 142, 210 S.E.2d 90 (1974); State ex rel. *Fulton v. Fulton,* 31 Or.App. 669, 571 P.2d 179, 180 (1977); State ex rel. *Ivory v. Lewis,* 660 S.W.2d 797, 798 (Tenn. App.1983); *Saunders v. Saunders,* 650 S.W.2d 534, 537 (Tex.App.1983). This, of course, indicates that in those jurisdictions such a statute is necessary or proof of the allegations would have to be presented.

Our supreme court, in considering the Uniform Support of Dependents Law (since repealed and replaced by the Uniform Reciprocal Enforcement of Support Law, see 1959 Mo. Laws, S.B. 118), has stated that the "findings, if they may be called that, by the court of the initiating state constitute no more than recommendations to the court of the responding state, and the final decision and the only judgment to be made must be by the court of the responding state." *Ivey v. Ayers,* 301 S.W.2d 790, 796 (Mo.1957). Even though the § 454.190 cited there is no longer in force, we read that opinion as indicating that proof at such a hearing is to be presented as in any other case. That section stated, "In any hearing under this act, the Court shall sit as a jury and be bound by the same rules of evidence as are used in circuit courts." 1951 Mo. Laws, p. 468.

It is also significant that Missouri did not adopt § 23 of the Uniform Reciprocal Enforcement of Support Act (1950 Act). That section states:

§ 23 [Rules of Evidence]

In any hearing under this law, the court shall be bound by the same rules of evidence that bind the [here insert the name of some court in the state that has relaxed the requirement that the technical rules of evidence must be followed, such as the Juvenile Court, the Domestic Relations Court].

Unif. Reciprocal Enforcement of Support Law (1950 Act) § 23, 9A U.L.A. 788 (1979).

If § 454.200.1 had been intended to change the usual rules of proof in a lawsuit, we believe it would have been made clear. We conclude that evidence had to be presented to support appellant's allegations and absent that the trial court was correct in ruling for respondent.

Respondent requested to file with us documents in a prior action entitled *Betty Hendrix v. Lloyd Alvie Pratt* as a part of the legal file. That request was taken with the case and is now denied. The record does not establish that those documents are related to this action or that they were presented to the trial court.

The judgment is affirmed.

CROW, P.J., and TITUS, FLANIGAN and MAUS, JJ., concur.