No. 64,539

FEDERAL REPUBLIC OF GERMANY, STATE OF BRADEN-WURTTEM-
BERG, COUNTY OF MANNHEIM, *ex rel.* Daniel Deinlein, *Plain-
tiff/Appellant*, v. JAMES FRANCIS NELSEN, *Defendant/Appellee.*

(799 P.2d 1038)

Opinion filed October 26, 1990.

*Ellen Mitchell*, assistant county attorney, argued the cause, and *Robert
T. Stephan*, attorney general, was with her on the brief for plaintiff/appellant.

*Robert G. German*, of Salina, argued the cause and was on the brief for
defendant/appellee.

The opinion of the court was delivered by

HOLMES C.J.: This is an action brought under the Revised
Uniform Reciprocal Enforcement of Support Act (RURESA)
(K.S.A. 23-451 *et seq.*), by the Saline County Attorney on behalf
of the Federal Republic of Germany (West Germany) *ex rel.*
Daniel Deinlein, a minor, against James Francis Nelsen, a Saline
County resident. The Saline County District Court dismissed the
case and plaintiff appeals, raising the following issues:
I. Whether the trial court erred in granting defendant's motion
   to dismiss, finding there was no valid order of support.
II. Whether RURESA requires orders to be authenticated before
    they can be enforced.
We affirm the dismissal by the district court.

The underlying facts leading to this action are not seriously
disputed. The defendant, James Francis Nelsen, was a United
States serviceman stationed in West Germany for approximately
four years, returning to this country in 1983. Part of that time,

defendant lived with his girlfriend, Marion Deinlein. During the period of their relationship, a child was born to Ms. Deinlein. In 1982, prior to his return to the United States, defendant received a letter, written in German, which requested that he go to a German governmental office regarding his paternity of the Deinlein child. As the defendant could not read German, Ms. Deinlein explained the contents of the letter to him. Defendant went to the designated office on October 4, 1982. He was presented with a document written in German, which was partially interpreted for him by someone in the office, and he signed the document. No court proceedings occurred and the document was not verified or acknowledged by the defendant. It is this document which forms the basis for the action herein.

The plaintiff, West Germany, apparently proceeding pursuant to a West German act comparable to our RURESA, filed a verified petition, executed in West Germany by the director of the German Institute for Guardianship, in the Local Court of Mannheim, Federal Republic of Germany. The West German court examined the petition and exhibits attached thereto and in a document dated December 19, 1988, certified "that the complaint sets forth facts, *which, if proven to be right*, would most certainly ensure a successful handling of the case under German Law." (Emphasis added.) The petition, verification, and judge's certification, along with additional documents, were then forwarded to the Kansas Secretary of Social and Rehabilitation Services for transmittal to the Saline County Attorney for filing and prosecution. The various pleadings and exhibits were then filed pursuant to K.S.A. 23-461 *et seq.* in the Saline County District Court. Attached to the West German proceedings were various exhibits, including the document signed by the defendant on October 4, 1982, in West Germany, which appears to be an admission of paternity. The plaintiff in this proceeding contends that the October 4, 1982, document is a valid court order for support and seeks its enforcement in the present action. The document is not verified or acknowledged and contains no order, judgment, or decree of the West German court. It is not signed by a judge of any court and, while arguably admissible as evidence of paternity, would not appear to constitute a court order.

Two methods of proceeding for support under the RURESA were explained by our Court of Appeals in *Mossburg v. Coffman*, 6 Kan. App. 2d 428, 629 P.2d 745 (1981). In *Mossburg,* the court stated:

"In our view, the real question in this case is how do the plaintiffs prove the duty of support in a manner that satisfies the requirements of URESA? Scrutiny of the Kansas version of URESA reveals two methods. K.S.A. 23-470 provides:

'If the obligee is not present at the hearing *and the obligor denies owing the duty of support* alleged in the petition or offers evidence constituting a defense the court, upon request of either party, may continue the hearing to permit evidence relative to the duty to be adduced by either party by deposition or by appearing in person before the court. The court may designate the judge of the initiating court as a person before whom a deposition may be taken.' (Emphasis supplied.)

In essence, this first method of proof provides for the live testimony of the obligee or the obligor, the deposition of either of them, or any other evidence relevant to the duty to support. See Peggs, *Procedure and Defenses Under the Kansas Uniform Reciprocal Enforcement of Support Act of 1970,* 46 J.B.A.K. 233, 235 (1977). The second method is provided for in K.S.A. 23-484 and permits registration of foreign support orders that provide the necessary proof." 6 Kan. App. 2d at 429.

K.S.A. 23-484 provides that a judgment from a sister state or a foreign country with a substantially similar reciprocal law may be filed with the clerk of the receiving state, in this case the Saline County District Court, and enforced pursuant to K.S.A. 23-488. These statutes contemplate an expeditious method of enforcing a foreign judgment obtained in a court which had jurisdiction of the parties. Although the county attorney in the present case contends the October 4, 1982, document is a court order or judgment, she did not elect to proceed under K.S.A. 23-484 *et seq.* but attempted to enforce the alleged order in an action based upon K.S.A. 23-461 *et seq.,* the first method described in *Mossburg.*

K.S.A. 23-461 *et seq.* sets forth the procedure to be followed when the initiating state (West Germany) seeks to establish a duty of support and obtain an order of support in the court of a responding state (Saline County District Court). K.S.A. 23-461 requires the petition to be verified and designates the information which shall be included in the petition. K.S.A. 23-464 provides:

"If the initiating court finds that the petition sets forth facts from which it may be determined that the obligor owes a duty of support and that a court of the responding state may obtain jurisdiction of the obligor or the obligor's property, it shall so certify and cause three copies of the petition and its certificate and one copy of this act to be sent to the proper official of responding jurisdiction. Certification shall be in accordance with the requirements of the initiating state. If the name and address of the responding court is unknown and the responding state has an information agency comparable to that established in the initiating state it shall cause the copies to be sent to the state information agency or other proper official of the responding state, with a request that the agency or official forward them to the proper court and that the responding state acknowledge their receipt to the initiating court."

K.S.A. 23-468 and 23-469 provide for prosecution by the county or district attorney and specify the duties of the prosecuting attorney. K.S.A. 23-470 reads:

"If the obligee is not present at the hearing and the obligor denies owing the duty of support alleged in the petition or offers evidence constituting a defense the court, upon request of either party, may continue the hearing to permit evidence relative to the duty to be adduced by either party by deposition or by appearing in person before the court. The court may designate the judge of the initiating court as a person before whom a deposition may be taken."

K.S.A. 23-473 provides in part:

"If the responding court finds a duty of support it may order the obligor to furnish support or reimbursement therefor and subject the property of the obligor to the order."

It is the position of the plaintiff that it is proceeding to enforce an order of the West German court although no order has ever been registered as a foreign support order under K.S.A. 23-484 *et seq.* The pleadings furnished by the West German officials would appear to contemplate a procedure pursuant to K.S.A. 23-461 *et seq.* and apparently this is the procedure followed although the county attorney continues to insist that it is an action to enforce an existing judgment or order. In discussing methods of procedure, the *Mossburg* court stated:

"In the case at hand, neither of these two methods of proof was utilized. Although Coffman clearly denied the existence of any duty to support, the judge summarily granted judgment against him without hearing any evidence on the matter and without the plaintiffs having been given notice and an opportunity to be heard. Furthermore, no foreign support order has been

registered in Kansas as of this time. It appears the trial court may have equated the certificate of the initiating court with the support order; however, the two are distinguishable. The certificate of the initiating court merely states that the facts pleaded in the verified petition filed by the plaintiff in the initiating state allege a duty of support on the part of the defendant in the responding state. This certificate is not a support order from the initiating state. In *State ex rel. Lyon v. Lyon*, 75 Nev. 495, 346 P.2d 709 (1959), the court, citing *Pfueller v. Pfueller*, 37 N.J. Super. 106, 117 A.2d 30 (1955), stated:

" 'In effect it (the finding of the court in the initiating state) amounts merely to a finding that the allegation of the complaint warrants further proceedings; *it is in no way evidentiary as to defendant's liability.' "* p. 497, emphasis supplied.

In *Pfueller*, a URESA action was brought in New Jersey based on a certificate filed by Pennsylvania as the initiating state. The court held:

'The New Jersey court held that its only responsibility was to ascertain whether plaintiff was the wife of the defendant; that the Philadelphia court had "determined the duty of this man to pay before they sent the complaint to us."

'This is an obvious misconception. The statute, N.J.S.A. 2A:4-30.11, in this respect identical with the uniform act, *sec.* 13, places upon the court in the initiating state the duty merely of finding whether the complaint "sets forth facts from which it *may* be determined that the defendant owes a duty of support." (Italics inserted.) Indeed the finding of the Philadelphia court in this case is stated in quite similar terms.

'Professor Brockelbank, chairman of the committee which prepared the uniform act for the National Conference of Commissioners on Uniform State Laws, has said of the finding of a court in an initiating state: "This is not a finding that the defendant owes the duty. The court of the initiating state at that stage could not so find, for the defendant is not before the court." Brockelbank, "Is the Uniform Reciprocal Enforcement of Support Act Constitutional?" 17 *Mo. L. Rev.* 1, 12 (1952).' 37 N.J. Super. at 108.

In *O'Hara v. Floyd*, 47 Ala. App. 619, 622, 259 So. 2d 673 (1972), the court held:

'The primary matter for proof is that the respondent owes a duty of support. The determination of such duty is made by the court of the responding state, not the court of the initiating state. Title 34, Section 117. The initiating state only examines the verified petition to determine if, from the matters contained therein, such duty is capable of being determined. The verified petition is not proof of such facts, as the matters contained therein were entered ex parte, without opportunity for cross examination, and thus are inadmissible as legal evidence. The finding of the court as to a duty of support must be based upon evidence given at the hearing of the case.' " 6 Kan. App. 2d at 429-31.

Following service of summons upon him in the present action, the defendant filed a motion to dismiss and a memorandum in support thereof asserting that the pleadings failed to state a claim for which relief could be granted and violated his constitutional rights to due process of law and that the purported order was invalid and unenforceable. In addition, the memorandum, which was incorporated by reference in the motion to dismiss, raised numerous other alleged defenses, including fraud, coercion, duress, and a question as to the paternity of the child. At a hearing on the motion to dismiss, the defendant testified and, after extensive argument by counsel, the trial court found that the basis for plaintiff's action, the alleged court order signed in West Germany by the defendant, was not, in fact, a court order and dismissed the action without prejudice.

K.S.A. 23-452 provides in part:

"(a) 'Court' means the district court of this state and when the context requires means the court or agency of any other state as defined in a substantially similar reciprocal law.

"(b) 'Duty of support' means a duty of support whether imposed or imposable by law or by order, decree or judgment of any court, whether interlocutory or final or whether incidental to an action for divorce, separation, separate maintenance, annulment, adoption or custody and includes the duty to pay arrearages of support past due and unpaid from the date of the order of support entered in the responding state as well as arrearages which have accrued on the basis of another state's support order.

. . . .

"(m) 'State' includes a state, territory or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any foreign jurisdiction in which this or a substantially similar reciprocal law is in effect."

The plaintiff has made no attempt to show that the West German act is "a substantially similar reciprocal law" to the RURESA adopted in Kansas. The petition did have attached to it a summary of the purported West German law but it does not have attached a copy of the act as required by K.S.A. 23-464. In addition, the brief of the plaintiff cites no authorities, statutory or otherwise, which would assist this court in determining the validity of the purported court order relied upon by the plaintiff.

Suffice it to say extensive research conducted at the Kansas University Law School library and through other sources con-

vinces us that the trial court was correct in its determination that the document relied upon by the plaintiff, while perhaps evidence of paternity and a duty to support, does not constitute an order, judgment, or decree of the West German court. For those interested in the problems attendant upon enforcing child support obligations incurred in foreign countries, see DeHart, *Getting Support Over There,* 9 Fam. Advoc. 34 (Spring 1987); Cavers, *International Enforcement of Family Support,* 81 Colum. L. Rev. 994 (1981); Note, *Application and Constitutionality of the Revised Uniform Reciprocal Enforcement of Support Act,* 6 N.C.J. Int'l L. & Com. Reg. 163 (1980-81).

Our conclusion that the document of October 4, 1982, signed by the defendant does not constitute an order of support under the RURESA would appear to be borne out not only by the pleadings originally furnished by the plaintiff but also by additional action taken by the plaintiff following the trial court's dismissal of this case. At a hearing on a motion for reconsideration filed by the plaintiff, counsel for the defendant advised the court that shortly after the dismissal of this action, the defendant was served by the United States Marshal with papers filed by the West German authorities in Germany apparently seeking an adjudication of paternity and order of support. If the document relied upon by the county attorney in this action constitutes a valid West German court order, it would appear that further proceedings in that country would be unnecessary. While those documents were not made a part of the record in this appeal, they were apparently in the possession of defense counsel at the argument on the motion and the Saline County Attorney did not dispute the statements of counsel.

In view of our determination that the document relied upon by plaintiff did not constitute an enforceable order, it is not necessary for us to consider the second issue raised by the plaintiff.

Finally, the plaintiff asserts in its brief:

"Even if the trial court found there was no order of support, the case should not be dismissed as the case could proceed under the duty of support theory. If paternity was in real dispute [and] not asserted frivolously, then the court should adjourn the hearing until paternity is ajudicated. K.S.A. 23-476."

This contention lacks merit for several reasons. The statute provides that the court may continue the hearing on the request of either party. The statute would appear to be permissive and, in addition, no continuance was requested by the plaintiff. The issue was never presented to the trial court and will not be considered by this court for the first time on appeal. *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. 548, 551-52, 731 P.2d 273 (1987). We note that the district judge, in ruling upon the plaintiff's motion, dismissed the action without prejudice and advised counsel for the plaintiff that the action could be refiled when the proper papers are obtained to support an action under the RURESA.

Based upon the record presented to us in this case, we find no error in the trial court's dismissal of the action.

The judgment is affirmed.