This is a petition for writ of mandamus.
George Evans petitions this court to issue a writ ordering the Circuit Court of Covington County to dismiss a Uniform Reciprocal Enforcement of Support Act (URESA) action against him. Mr. Evans contends that the State (representing Gloria Evans) did not comply with O'Hara v. Floyd, 47 Ala. App. 619,259 So.2d 673 (1972), and that the case before the circuit court was due to be dismissed. We disagree.
Mandamus is a drastic and extraordinary writ, and in order for this court to issue such a writ, there must be credible allegations which are ironclad in nature, showing that the circuit court is bound by law to do what Mr. Evans requests.Ex parte Adams, 514 So.2d 845 (Ala. 1987); Segars v. Segars,333 So.2d 155 (Ala.Civ.App. 1976). This Mr. Evans has failed to do; therefore, the petition for writ of mandamus is hereby denied.
O'Hara provides that, where a defendant appears and answers, denying the allegation of the URESA petition, the petition itself is not proof of the duty to support. Further, O'Hara
provides that in these instances the duty to support must be based upon evidence given at the hearing, other than just the URESA petition itself.
In the case before us, it appears that evidence other than the petition was filed before the court. Along with the petition the following was apparently introduced into evidence: (1) an affidavit of Mrs. Evans in support of her petition; (2) an affidavit of Mrs. Evans's income, assets, and expenses; (3) the divorce decree of the parties issued March 31, 1983; (4) the birth certificate of Crystal Gail Evans, the minor child of the parties; (5) the stipulation which was part of the district court order of June 8, 1988, reciting that Mr. Evans had stipulated that his gross income was $1,120 per month; and (6) the court orders and stipulations from a previous URESA petition filed in 1984, stating that Mr. Evans was able to pay support for the benefit of his child, Crystal Gail Evans.
In view of the above, it would appear that the State (representing Mrs. Evans) presented sufficient proof pursuant to O'Hara that Mr. Evans owed a duty to support the minor child.
In any event, as noted above, Mr. Evans's petition is due to be denied.
PETITION FOR WRIT OF MANDAMUS DENIED.
INGRAM and ROBERTSON, JJ., concur. *Page 83