RUSSELL, Judge.
This is a petition for writ of mandamus.
Carolyn Sue Smith (mother) filed a petition with the State Department of Human Resources (State) for aid to dependent children. In that petition she named Norman Pitts (putative father) as the father of her minor child. Subsequently, a complaint for paternity was filed by the State on behalf of the mother.
Prior to a hearing on the complaint, the mother filed an application for an exception to the requirement that she cooperate in child support activities, contending that both physical and emotional harm would befall her and the minor child if she assisted the State in its paternity action. As a result, the State concluded that good cause existed not to compel the mother to cooperate and requested that the trial court dismiss the case.
That request was denied, and a hearing on the question of dismissing the action was set for April 3, 1990. On March 30, 1990, the State’s attorney and the attorney for the putative father filed a stipulation of dismissal of the action without prejudice, which affirmatively stated that the rights of the child to pursue paternity and support in a separate action were not hindered by the dismissal.
On April 6, 1990, the trial court disregarded the stipulation of dismissal, appointed a guardian ad litem to represent the child, and taxed fees for the guardian ad litem against the State. Subsequently, the guardian filed a petition to intervene on behalf of the child. That petition was granted, as was the guardian’s motion to require the mother, the putative father, and the child to submit to blood tests.
The State then filed a petition for writ of mandamus in this court. We grant the writ conditionally.
Initially, we note that mandamus is a drastic and extraordinary remedy to be issued only where there exists a clear legal right in the petitioner to the order sought. Ex parte Evans, 545 So.2d 81 (Ala.Civ.App.1989).
Therefore, we must determine whether, pursuant to Rule 41(a)(1), Alabama Rules of Civil Procedure, the trial court erred as a matter of law in denying the stipulation of the parties dismissing the action. That rule states in pertinent part:
“(1) By Plaintiff; By Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of this state, an action may be dismissed by the plaintiff without order of court ... (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice.... ”
(Emphasis supplied.)
We note that the application of this rule was addressed for the first time by the supreme court in Hammond v. Brooks, 516 So.2d 614 (Ala.1987). There, the decision of the trial court, which altered the stipulation of the parties to dismiss the action without prejudice, was reversed.
The supreme court noted that Rule 41, Federal Rules of Civil Procedure, is substantially the same as the rule in Alabama and cited a federal case interpreting that rule as authority for reversing the trial court. See First National Bank of Toms River, N.J. v. Marine City, Inc., 411 F.2d 674 (3d Cir.1969). That court held that a voluntary dismissal automatically terminates the action upon the filing of the dismissal with the clerk of the court and that a further order of the trial court is not *476 required. See also Scam Instrument Corp. v. Control Data Corp., 458 F.2d 885 (7th Cir.1972); Miller v. Reddin, 422 F.2d 1264 (9th Cir.1970).
We find that all of the requirements of Rule 41(a)(1)(H), A.R.Civ.P., were met by the parties in this case. Therefore, the trial court was without authority to disregard the stipulation of dismissal. Because no further order was required by the trial court to effect a dismissal of the action, we conclude that it was no longer pending at the time that the trial court appointed a guardian ad litem on behalf of the child. Consequently, the trial court was without authority to enter any orders subsequent to the dismissal.
Finally, we note that, while the trial court based its appointment of a guardian ad litem on what it considered to be the best interests of the child, 42 U.S.C.A. § 654(4)(A) (West Supp.1990) provides that the Department of Human Resources must undertake an action “to establish the paternity of such child, unless the agency administering the plan of the State under part A of this subchapter determines in accordance with the standards prescribed by the Secretary pursuant to section 602(a)(26)(B) of this title that it is against the best interest of the child to do so.... ”
Here, the State concluded that the mother’s cooperation in securing support was reasonably anticipated to result in physical or emotional harm to either the child or the mother, thus diminishing her capacity as the primary caretaker of the child to render care. We note also that the stipulation dismissing this action does not hinder the child’s right to pursue a paternity action at a later time.
In view of the above, we conclude that the trial court was without authority to enter any orders in this action after the filing of the stipulation of dismissal by the parties. Therefore, we grant the State’s petition for mandamus and order that the trial court withdraw its order of April 6, 1990.
Finally, the guardian ad litem has filed a separate motion requesting the award of an attorney’s fee for his representation of the minor child in defending against the State’s petition. Rule 17(c), A.R.Civ.P., provides, in part, that a court may appoint a guardian when the interest of an infant is before the court. However, we note that, because the action was dismissed upon the filing of the stipulation of dismissal, no party was before the court for whom it could properly appoint a guardian.
We recognize that the guardian fulfilled his appointed obligations and acted within the best interests of the child. However, we find no authority to grant a guardian’s request for an award of an attorney’s fee when that guardian was not properly appointed.
In view of the above, the writ is to be granted unless the circuit court, within ten days from the rendition of this decision, withdraws its prior order and enters an order dismissing the action.
WRIT GRANTED CONDITIONALLY.
INGRAM, P.J., and ROBERTSON, J., concur.