PETITION FOR WRIT OF MANDAMUS
RUSSELL, Judge.
This is a petition for a writ of mandamus.
Gary Hughes (petitioner) and Loma Y. Grantham (respondent) began cohabiting in Coffee County in October 1986. Shortly thereafter, the respondent gave birth to a child. The petitioner’s name appears on the child’s birth certificate as her father. The parties resided together until January 1990.
In January 1990, the respondent and her child relocated to Dale County. On February 8, 1990, the respondent filed a paternity action in the Circuit Court of Dale County and sought an award of permanent custody of the child. Concomitantly, the petitioner filed a separate action in Coffee County for custody of the child. He subsequently filed a motion in the Circuit Court of Dale County to transfer venue of the pending action to Coffee County. That motion was denied, as was the petitioner’s motion for rehearing.
The petitioner then filed a petition for a writ of mandamus in this court. We deny that petition.
Initially, we note that mandamus is a drastic and extraordinary remedy to be issued only where there exists a clear legal right in the petitioner to the order sought. Ex parte Evans, 545 So.2d 81 (Ala.Civ.App. *1187 1989). Moreover, the question of whether to transfer venue of a case lies within the sound discretion of the trial court. Ex parte Sutton, 508 So.2d 682 (Ala.Civ.App.1987).
The petitioner contends that, because the respondent and child had resided in Dale County for a period of approximately eleven days before filing her action, that venue is improper. As authority for that proposition, he cites Ex parte Watkins, 555 So.2d 1098 (Ala.Civ.App.1989). That case, however, involved an action for divorce and was governed by § 30-2-4, Ala. Code 1975, which provides in pertinent part: “Complaints for divorce may be filed ... in the circuit court of the county in which the parties resided when the separation occurred .... ” Here, the parties were not married, and thus, § 30-2-4 is inapplicable.
The Alabama Uniform Parentage Act, however, provides that a paternity action “shall be filed in the county in which the child resides or the county in which the defendant resides.” § 26-17-10(f), Ala. Code 1975. The respondent’s complaint averred that the mother and child were domiciled in Dale County, and she also testified to that fact at trial.
Therefore, based on the evidence in the record, we do not find any abuse of discretion. Therefore, the petition for a writ of mandamus is denied.
WRIT DENIED.
INGRAM, P.J., and ROBERTSON, J., concur.