ROBERT P. BRADLEY, Retired Appellate Judge.
This is a petition for a writ of mandamus.
The Alabama Criminal Justice Information Center (ACJIC) is a State agency which maintains a criminal data network for other governmental agencies, including the various law enforcement organizations of Jefferson County and the City of Birmingham (hereafter “respondents”). On January 19, 1989 the ACJIC announced that a user fee would be imposed on each agency with access to the information system. The user fee was created to provide the ACJIC with operating funds and was to become effective on October 1, 1989.
The respondents submitted a written objection to the user fees and requested a hearing before the ACJIC Commission (hereafter “Commission”). The hearing was held on January 11, 1990, and at the conclusion of the respondents’ presentation, the Commission voted to disconnect the respondents from the information computer network unless payment was made within 30 days.
The respondents filed a petition for review and a request for a stay in the equity division of the Jefferson County Circuit Court. The Commission filed a motion to dismiss the petition because of improper venue, or in the alternative, to transfer the proceedings to Montgomery County. On February 26, 1990 the trial court denied the motion to dismiss. The motion to change venue was denied on June 21, 1990. The Commission now petitions this court for a writ of mandamus requiring removal of the action from Jefferson County Circuit Court to Montgomery County Circuit Court.
Mandamus is an extraordinary writ, and in order for it to issue there must be credible allegations which are ironclad in nature, showing that the circuit court is bound by law to do what the party seeking the writ requests. Ex parte Evans, 545 So.2d 81 (Ala.Civ.App.1989).
The sole issue before us now is whether the circuit court is bound by law to transfer the instant case to Montgomery County-
The Commission argues that the ACJIC enabling legislation specifically names Montgomery County as the place of venue in this matter and supersedes any statute allowing venue elsewhere.
Generally, an appeal from the “final decision of any state agency” is governed by the Alabama Administrative Procedure Act, codified at § 41-22-20, Code 1975. According to the Administrative Procedure Act, venue for such an appeal is proper as follows:
“A petition shall be filed in the circuit court of the county in which the agency maintains its headquarters, or unless otherwise specifically provided by statute, where a party (other than an inter-venor) resides or if a party (other than an intervenor), is a corporation, domestic or foreign, having a registered office or business office in this state, then in the county of such registered office or principal place of business within this state.”
§ 41-22-20(b), Code 1975 (emphasis added).
From the foregoing it appears that the appeal in this case could properly be heard in either Montgomery County or Jefferson County. However, as the statute emphasizes, the Administrative Procedure Act’s general provisions for venue do not apply to matters whose requirements for judicial review are specifically provided for by other law. See Mobile Infirmary v. Emfinger, 474 So.2d 731 (Ala.Civ.App.1985).
Judicial review of this matter is provided for by the ACJIC Enabling Act, codified at *489 §§ 41-9-590 through -648, Code 1975. There, the ACJIC Commission is given the authority to establish its own rules, regulations, and policies for the performance of the ACJIC responsibilities. See § 41-9-590, Code 1975. Section 41-9-598 clearly sets out the procedure for appealing from these rules:
“The process for appeals by an individual or governmental body of any rules and regulations promulgated by the commission shall first be to the commission proper. The appellant may present his argument at a regular meeting of the commission requesting the alteration or suggesting the nonapplicability of a particular rule and/or regulation. If the appellant is not satisfied by the action of the commission, then an appeal may be made to the circuit court in Montgomery county.”
§ 41-9-598, Code (1975) (emphasis added).
The respondents argue that the ACJIC provision for appeals is inapplicable because the user fee was not properly promulgated as a “rule.” The respondents point out that the Administrative Procedure Act provides the process by which all State agencies must establish new rules; the parties agree that ACJIC did not comply with this process when promulgating the user fee. Therefore, respondents urge, the user fee must be appealed not as a “rule,” but rather as the Commission’s “final decision.” Because the ACJIC Enabling Act has no provision for appealing a “final decision,” the respondents conclude, the Administrative Procedure Act provisions must govern here.
We do not find that the ACJIC must comply with the Administrative Procedure Act’s process for promulgating a new rule. The Administrative Procedure Act was created to increase public participation in the activities of State agencies, to give the public a voice in the enactment of State agency regulations, and to increase public access to governmental information. See § 41-22-2, Code 1975. The Administrative Procedure Act provides “a minimum procedural code for the operation of all state agencies when they take action affecting the rights and duties of the public.” § 41-22-2, Code 1975 (emphasis added). The Act’s process for setting new State agency rules reflects this purpose. Each step of the procedure focuses on public involvement in an agency’s policies. Thus, the Administrative Procedure Act is effective only where a State agency seeks to make a rule that directly impacts the public.
The ACJIC is not an agency for public access. Its purpose is to provide law enforcement and other governmental agencies with highly confidential information concerning certain crimes and criminals. The ACJIC Enabling Act disallows public use of the information and requires the Commission to “ensure that adequate safeguards are incorporated so that data available through this system is used only by properly authorized persons and agencies.” § 41-9-594, Code 1975. Moreover, the statute requires that there be a ACJIC “privacy and security committee” to formulate policies that will help maintain the agency’s confidentiality. See § 41-9-594, Code 1975.
It is thus clear from the language of the statute that action taken by the ACJIC does not directly affect the rights and duties of the public; rather, the ACJIC was created to be strictly an intergovernmental entity. Accordingly, we find that the promulgation and appeal of a new ACJIC rule does not fall within the confines of the Administrative Procedure Act. The formulation and appeal of such a rule is governed by the ACJIC Enabling Act, which provides for venue in Montgomery County only.
Even if the assessment of the user fee was not ultimately deemed to be the promulgation of a “rule,” the ACJIC provision would nevertheless govern the process of appealing it. The statute clearly sets the procedure for challenging the “nonapplica-bility of a particular rule,” as well as for “requesting the alteration” of the rule. § 41-9-598, Code 1975. Where the Commission promulgates a rule, however improperly, appellants must challenge the applicability of the rule according to the pro *490 visions of § 41-9-598. Thus, even if the user fee was ultimately proven to be a “final decision” rather than the promulgation of a valid “rule,” the initial appeal would be governed by the ACJIC statute.
Mandamus is proper where the petitioner demonstrates a clear legal right to the order sought, an imperative duty on the respondent to perform, the lack of another adequate remedy, and the properly invoked jurisdiction of the court. Barber v. Covington County Commission, 466 So.2d 945 (Ala.1985). These requirements have been met, and the Commission’s request for a writ of mandamus is due to be granted.
We find that the Jefferson County Circuit Court erred in refusing to change venue; that court is directed to transfer this case to the Circuit Court of Montgomery County within 10 days of the receipt of this order.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
WRIT GRANTED.
All the Judges concur.