828 So.2d 291 (2002)
Ex parte STATE of Alabama ex rel. C.M.
(In re State of Alabama ex rel. C.M. v. C.H.)
1010228.
Supreme Court of Alabama.
March 8, 2002.
*292 J. Coleman Campbell, deputy atty. gen., and Jennifer M. Bush, asst. atty. gen., Department of Human Resources, for petitioner.
Joel E. Dillard of Baxley, Dillard, Dauphin & McKnight, Birmingham, for respondents Judge Ralph A. Ferguson, Jr., and C.H.
HOUSTON, Justice.
The State, on behalf of C.M., the plaintiff in an action pending in the Jefferson Circuit Court petitions for a writ of mandamus directing a judge of the Jefferson Circuit Court to vacate his order transferring this action from Jefferson County to Marengo County. We grant the petition and issue the writ.
The State of Alabama, on behalf of a minor, C.M. (hereinafter "the child"), filed this action in the Family Court of Jefferson County on December 23, 1996, against the respondent, C.H., the alleged father of the child, seeking a paternity determination and an order for support. Both the child and the child's mother, A.M., resided in Jefferson County when the complaint was filed; they continue to reside there. C.H. resides in Marengo County.
C.H. contended in the Family Court of Jefferson County that the action was barred by the doctrines of res judicata and collateral estoppel, based upon a previous paternity action litigated in Marengo County in 1984. In the 1984 case, the trial court found that C.H. was not the father of *293 the child. However, the Jefferson Family Court determined that the action was not barred by the doctrines of res judicata or collateral estoppel. After a hearing, the family court on June 26, 2000, found that C.H. was the father of C.M. and ordered him to pay child support.
C.H. appealed to the Jefferson Circuit Court. In that court, C.H. filed a motion for a change of venue, arguing that the action should be transferred to Marengo County because, he argued, venue in that county was appropriate in this case. On June 14, 2001, the trial court granted the motion, holding:
"[T]his Court, having considered Code of Alabama, § 26-17-10(f); Code of Alabama, § 6-3-2[ (b) ](3); and Rule 82(b) [, Ala.R.Civ.P.], the fact that the Defendant resided in Marengo County in 1984, still lives in Marengo County, the alleged conception was in Marengo County, and the companion case brought by the mother was tried in Marengo County in 1984, this Court grants Defendant's Motion To Transfer Venue to the Circuit Court of Marengo County for proper disposition."
Subsequently, the State filed a petition for a writ of mandamus and a motion for an immediate stay in the Court of Civil Appeals, arguing that the trial court's transfer of the case to Marengo County was improper. The stay was granted, and after a briefing of the issues, the Court of Civil Appeals denied the petition, without an opinion, (No. 2001073, October 16, 2001) ___ So.2d ____ (Ala.Civ.App.2001) (table). The State then petitioned this Court for a writ of mandamus and filed a motion for an immediate stay. We granted the motion to stay. The only question presented by this petition is whether the trial judge erred in transferring the case from Jefferson County to Marengo County.
Mandamus is a drastic and extraordinary remedy and is appropriate only when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court. Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000).
This action was filed pursuant to the Alabama Uniform Parentage Act, Ala. Code 1975, §§ 26-17-1 through -22. That Act provides, in § 26-17-10(f): "The complaint for paternity or nonsupport shall be filed in the county in which the child resides or the county in which the defendant resides." The State claims that this provision spells out the appropriate venue for this action. C.H. claims, however, that § 26-17-10(f) merely denotes where an action under this act may be filed initially, and that proper venue is determined by Ala.Code 1975, § 6-3-2(b)(3). Section 6-3-2(b)(3) provides: "Except as may be otherwise provided, actions must be commenced in the county in which the defendant... resides." Therefore, C.H. argues, Marengo County, as the county of his residence, is the only proper venue in this case.
We hold that Ala.Code 1975, § 26-17-10(f), controls venue in actions filed under the Alabama Uniform Parentage Act. A civil action in Alabama is commenced by filing a complaint. See Rule 3(a), Ala.R.Civ.P. Section 6-3-2(b)(3) states that an action must be commenced in the county in which the defendant resides, unless otherwise provided. Section 26-17-10(f) allows the filing (i.e., the commencement) of an action in the county in which the defendant resides or the county where the child resides. Therefore, under § 26-17-10(f) venue may be appropriate in two counties.
*294 Although the statute addresses only the filing of complaints and does not use the word "venue," we note that a similarly worded statute has also been held to be a statute that controls venue. See Ala.Code 1975, § 30-2-4 ("Complaints for divorce may be filed in the circuit court of the county in which the defendant resides, or in the circuit court of the county in which the parties resided when the separation occurred...."); White v. White, 206 Ala. 231, 232, 89 So. 579, 580 (1921) ("Section 3801 [the predecessor statute to § 30-2-4] is a venue statute, pure and simple."). We thus hold that venue in this case is proper in both Jefferson County, as the county where the child resides, and Marengo County, as the county where the defendant resides. See Ex parte Hughes, 571 So.2d 1186 (Ala.Civ.App.1990) (holding that the trial court did not abuse its discretion when it failed to transfer a case from the child's county of residence to the defendant's county of residence); see also generally Alabama Uniform Parentage Act, Act No. 84-244, Ala. Acts 1984 ("An Act [t]o provide for the enactment of the Alabama Uniform Parentage Act ...; to provide for the jurisdiction of actions to determine paternity and support under this Act in those courts exercising jurisdiction over juvenile proceedings; to provide for the venue and service of process in said proceedings....").
When venue is proper in more than one county, the plaintiff may choose the county in which to file the action. Ex parte Paulk, 722 So.2d 171, 174 (Ala.1998); Medical Serv. Admin. v. Dickerson, 362 So.2d 906, 909 (Ala.1978). This election must stand, unless venue in that county is improper or the defendant demonstrates that the doctrine of forum non conveniens requires the case to be transferred to another venue. Paulk, 722 So.2d at 174. The doctrine of forum non conveniens is set forth in Ala.Code 1975, § 6-3-21.1(a):
"With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
The trial court's order transferring venue states that it "considered Code of Alabama, § 26-17-10(f); Code of Alabama, § 6-3-2[ (b) ](3); and Rule 82(b) [Ala. R.Civ.P.]" in determining that the case must be transferred. The order does not indicateand C.H.'s motion for a change of venue did not arguethat § 6-3-21.1(a) was a ground for the change of venue. However, forum non conveniens, under § 6-3-21.1(a) is the only doctrine by which an action can be transferred when venue is proper in the county in which the action is filed. The plaintiff had a right to choose between proper venues; that choice must stand unless the doctrine of forum non conveniens demands otherwise. Paulk, supra. Because the trial court's order does not indicate that the case was transferred pursuant to § 6-3-21.1(a), the trial court is directed to vacate its June 14, 2001, order transferring the action to the Marengo Circuit Court.
Because this matter comes before us on a petition for a writ of mandamus attacking the transfer of the case on the basis of improper venue, we do not reach the propriety of a transfer for the convenience of the parties.
PETITION GRANTED; WRIT ISSUED.
*295 MOORE, C.J., and LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
SEE, J., recuses himself.